**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court,
S. D. New York.

Feb. 18, 1976.

Computer Industry Association by Pearce & Brand, Washington, D. C., for movant.

Cravath, Swaine & Moore, New York City, for defendant.

## MEMORANDUM

EDELSTEIN, Chief Judge:

The Computer Industry Association [hereinafter referred to as CIA], a nonparty in this government antitrust action, has moved this court by papers dated November 7, 1975 for a protective order regarding documents produced pursuant to a subpoe-

na served by defendant International Business Machines Corporation [hereinafter referred to as IBM]. CIA has also moved this court by papers dated December 16, 1975 for either modification of the IBM subpoena or the issuance of a protective order with regard to certain allegedly privileged documents which were withheld from production. This memorandum is occasioned by those motions.

CIA's first motion seeks an order:

that documents produced to Defendant . . . be used by Defendant only for purposes of Defendant's defense of charges brought against it by the United States in this action, and no other purpose, whether business, competitive, legal, governmental, or otherwise.[1]

The IBM subpoena was served on August 21, 1975 and was returnable 10 days thereafter. The return date for the subpoena was never extended and CIA did not take any legal action to limit the subpoena prior to November 7.

CIA's first motion is neither timely nor meritorious. Orders for protection not available through Amended Pretrial Order No. 13 are available to nonparties in this action through a motion pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.[2] Such motions under Rule 26(c) must be served before the date set for production.[3] The protection provided by Amended Pretrial Order No. 13 must be invoked at the time of production.[4]

CIA's first motion was dated more than two months after the return date of the subpoena and weeks after CIA produced documents subject to the subpoena. It is therefore untimely; CIA does not even argue in this motion that circumstances exist which should lead the court to consider CIA's motion in spite of its lateness.[5] It

---

1. CIA *Notice of Motion* (Nov. 7, 1975).

2. Fed.R.Civ.P. 26(c).

3. 8 *C. Wright & A. Miller, Federal Practice And Procedure* § 2035 at 262–63 & cases cited therein (1970).

4. Amended Pretrial Order No. 13 ¶ 2 (filed June 25, 1975).

5. CIA does argue that its first motion was timely in its memorandum supporting its second motion which was served five weeks after its earlier application.

need hardly be said that procedural compliance is crucial in this case involving hundreds of nonparty deponents.

■ Even were CIA's motion for a protective order served in a timely fashion, this court would not be disposed to grant it. It is difficult to discern from CIA's papers the precise basis for its claim that a protective order should issue. The court is forced to assume that CIA is contending either that: (1) although there may be nothing contained in the documents of a confidential nature, IBM may engage in commercial or legal activity directed to inflicting harm on CIA and should not be allowed to use discovered documents in support of that activity; or (2) although only some of the documents are of a confidential nature all of the documents should be protected since "to sort and designate 'confidential' information would be time consuming, hazardous, and an open invitation to continuous controversy."[6] Under either theory, however, CIA has failed to show good cause for the issuance of the order requested.

The first assumed rationale is not convincing. According to CIA's papers, many of the documents produced consist of public statements or testimony before Congress or are duplicative of material already in IBM's possession.[7] Other documents produced, although perhaps not consisting of publicly disclosed information, have not been shown by CIA to require protection. CIA has not demonstrated that the documents produced would be of any use to IBM anti-CIA activity even if the court were willing to assume that IBM might engage in such conduct at some future time. Although the court need not decide whether CIA's rationale would justify the issuance of a protective order, to support that rationale CIA would certainly be required to demonstrate a logical nexus between its fears and the documents produced. Such a nexus has not been revealed to the court.

CIA's second assumed rationale is no more persuasive. CIA has neither demonstrated that specific documents are in fact of a confidential nature nor satisfactorily explained its failure to identify those documents worthy of protection. Its conclusory assertion that sorting and designating would be time-consuming, hazardous, and a source of continuous controversy assuredly does not demonstrate good cause for the blanket protection it seeks.

CIA's second motion, after being defectively served and withdrawn, was finally served on December 16, 1975, more than five weeks after its first motion and three and one-half months after the return date of the IBM subpoena. CIA seeks either modification of the subpoena or a protective order after a determination by the court that certain documents not produced but submitted to the court for inspection are either privileged[8] or not relevant.

CIA's second motion is less timely than its earlier submission. Absent circumstances which would justify delay, motions under both Rule 26(c) and Rule 45(b) must be served before the time set for compliance in the subpoena.[9] The court is not persuaded that there were circumstances present which excuse CIA's extreme tardiness. Additionally, the court is aware that at the time of its first motion CIA intended to submit this second motion[10] and that its first motion was submitted a month prior to the service of its second motion.

---

**6.** CIA *Memorandum in Support* at 9 (dated Nov. 7, 1975).

**7.** *Id.* at 5, 6.

**8.** CIA claims that it is a source for the press, that it has in its files documents relating to contacts between CIA and the press, and that this court should determine as a matter of first impression that a privilege resides in the first amendment and attaches to such documents in the hands of CIA. While the court's disposi-

tion of CIA's second motion rests entirely upon its untimeliness, see *infra,* the court observes that none of the cases cited by CIA in fact supports the privilege urged upon this court.

**9.** Fed.R.Civ.P. 45(b). See note 3 *supra. Celanese Corp. v. E. I. duPont deNemours & Co.,* 58 F.R.D 606 (D.Del.1973).

**10.** CIA *Memorandum in Support* at 5 (dated Nov. 7, 1975).

Both motions are denied in all respects. Nothing in this memorandum prevents CIA from invoking the protection of Amended Pretrial Order No. 13 as to documents not yet produced to the extent that that order's protection is appropriate.