Before ANDERSON, BALDOCK and EBEL, Circuit Judges.

**Francis S.L. WANG, Plaintiff,**

v.

**Paul HSU; C.V. Chen; Kwan Tao Li; Lee and Li, a partnership, Defendant–Appellee,**

**D. Michael Clayton, Movant–Appellant.**

**No. 90–1108.**

United States Court of Appeals, Tenth Circuit.

Nov. 15, 1990.

STEPHEN H. ANDERSON, Circuit Judge.

D. Michael Clayton, a non-party deponent, appeals from the district court's denial of his motion for a protective order. We affirm.*

Defendants in the underlying civil suit served Clayton with a deposition subpoena pursuant to Rule 45, Fed.R.Civ.P. on September 28, 1989. The subpoena commanded Clayton to appear and bring specified documents on November 7, 1989. Clayton did not file an objection to inspection or copying of the documents within ten days, as required by Rule 45(d)(1). Instead, on November 7 Clayton appeared with the documents, allowed them to be inspected, but refused to allow them to be copied. Clayton's subsequent motion for a protective order was denied, first by a magistrate and then the district court judge.

The decision to grant a protective order is vested in the district court's discretion. We will reverse only if that discretion is abused. *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir.1987). "An abuse of discretion occurs only when the trial court based its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Id.* (quoting *In re Petroleum Products Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir.1982)).

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

At each stage, Clayton has argued that the plain language of Rule 45(d)(1) requires a subpoena duces tecum to specifically authorize inspection and copying of the materials to be produced. He argues that the right to inspect and copy is permissive not mandatory.

We disagree. Clayton's argument was pre-empted twenty years ago by the 1970 amendments to Rule 45(d)(1). The Advisory Committee's note accompanying the amendment explains:

> At present when a subpoena duces tecum is issued to a deponent, he is required to produce the listed materials at the deposition, but is under no clear compulsion to permit their inspection and copying. This results in confusion and uncertainty before the time the deposition is taken, with no mechanism provided whereby the court can resolve the matter. Rule 45(d)(1), as revised, *makes clear that the subpoena authorizes inspection and copying of the materials produced.* The deponent is afforded full protection since he can object,....

Rule 45(d)(1) Fed.R.Civ.P. Advisory Committee Notes (emphasis added).

We decline to return to "confusion and uncertainty." The subpoena commanding Clayton to produce documents simultaneously authorized their inspection and copying. Clayton was afforded full protection because he had the opportunity to object. He did not. Although Clayton orally objected at deposition, Rule 45(d)(1) requires objection to inspection or copying to be made, in writing, within ten days after service of the subpoena. Clayton argues that he did not receive a list of the documents to be produced until November 7, 1989. He did not, however, file any sort of written objection until December 26, 1989.

The district court did not abuse its discretion. We accordingly AFFIRM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.