77 F.3d 492
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Louis Howard Andres COX, Plaintiff-Appellant,
v.
William I. KOCH, individually and as trustee De Son Tort of
Mixson-Gray Trust-A, Mixson-Simmons-Gray Trust-B,
Mixon-Simmons-Gray Trust-C,
MixsonSimmons-Gray Trust D,
Defendant-Appellee.
 No. 94-6454.
 United States Court of Appeals, Tenth Circuit.
 Feb. 26, 1996.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this appeal, appellant challenges the district court's grant of appellee's motion to dismiss appellant's complaint pursuant to Fed.R.Civ.P. 19(b) for failure to name an indispensable party. We have jurisdiction under 28 U.S.C. 1291, and we review the district court's ruling only for abuse of discretion. See RTC v. Stone, 998 F.2d 1534, 1549 (10th Cir.1993).[2]
 
 
 3
 On appeal, appellant argues that 1) due process required a hearing before the district court dismissed this case on Rule 19(b) grounds, 2) the district court should have dismissed only part, not all, of appellant's complaint, and 3) the district court improperly weighed the factors to be considered under Rule 19(b). After our review of the parties' briefs, together with the record on appeal, we conclude that the district court correctly decided this case.[3] Further, we disagree with appellant's contention that a hearing was required before the district court ruled on appellee's motion to dismiss.[4] Both parties briefed the matter to the district court; more is not required by the applicable rules or pertinent case authority under the facts of this case.
 
 
 4
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Appellant contends that this standard of review is incorrect as to our review of the district court's ruling that a party is indispensable, citing Sixth Circuit authority, Keweenaw Bay Indian Community v. Michigan, 11 F.3d 1341 (6th Cir.1993). This circuit's cases, however, indicate a contrary trend to the Sixth Circuit's analysis in Keweenaw. See Hellebust v. Brownback, 42 F.3d 1331, 1335 (10th Cir.1994)(determination whether party necessary to the action under Rule 19(a) to be reviewed de novo); Navajo Tribe of Indians v. New Mexico, 809 F.2d 1455, 1471 (10th Cir.1987)(noting that, in contrast to Rule 19(a), an indispensability ruling under Rule 19(b) should be reviewed only for abuse of discretion). Nonetheless, we note that a district court's ruling constitutes an abuse of discretion when it relies on legal error. See Wang v. Hsu, 919 F.2d 130, 130 (10th Cir.1990)
 
 
 [3]
 In his briefs on appeal, appellant contends that the district court believed it was barred from considering, or refused to consider, appellant's argument that appellee's motion to dismiss on Rule 19 grounds was untimely. Appellant's Opening Br. at 22, 24; Appellant's Reply Br. at 9. These arguments are a mischaracterization of the district court's order. The district court clearly stated that it rejected this argument in light of case authority. Appellant's App., tab 17 at 4 n. 2
 
 
 [4]
 Appellant, without support, contends that this ruling is a question of law, presumably requiring de novo review. Because a hearing on a Rule 19 motion is not mandatory, this ruling is also reviewable only for abuse of the district court's discretion. See Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1535 (10th Cir.1994)