Reynolds Metals Company ("Reynolds") petitions for a writ of mandamus directing the trial court to vacate its order compelling Reynolds to comply with certain discovery requests. We stayed enforcement of that discovery order pending our review of this petition. Because we conclude that Reynolds's petition for mandamus relief is premature, we deny the writ.
On January 12, 1996, Arthur Witherington sued Reynolds in the Mobile Circuit Court, alleging, among other things, that Reynolds had negligently or wantonly caused his asbestos-related injuries. Witherington alleged that he had sustained asbestos-related injuries while he worked for Reynolds for a 360-day period beginning in 1964 and ending in 1965. Witherington made certain discovery requests, seeking from Reynolds all documents and information Reynolds had in its possession concerning the hazards of asbestos. Reynolds refused to respond to a number of these asbestos-related discovery requests, alleging that they were overly broad and unduly burdensome; Witherington moved to compel such discovery. Reynolds opposed the motion to compel.
On March 28, 1997, the trial court conducted a hearing on Witherington's motion to compel. It ordered Reynolds to produce a broad array of documents located at Reynolds's facilities throughout the world. Although the trial court placed broad time limits on certain of the discovery requests, it placed no time limits on many of the discovery *Page 899 
requests. Thus, Reynolds would be forced to produce for the plaintiff voluminous documents generated over numerous decades and stored at its 60 facilities located throughout the United States and at its overseas facilities located in 22 nations. The trial court compelled Reynolds to produce this discovery within 21 days.
Although Reynolds did not object at the hearing to the trial court's order and although it did not file a motion for a protective order thereafter, it filed this mandamus petition before the expiration of the 21-day period imposed by the trial court. Reynolds contends that the trial court abused its discretion in compelling this discovery, arguing that the discovery order was overly broad and unduly burdensome. See, e.g., Ex parte Compass Bank, 686 So.2d 1135 (Ala. 1996).
A writ of mandamus is an extraordinary remedy, requiring the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989). In this case, Reynolds has another adequate remedy. Under Rule 26(c), Ala. R. Civ. P., Reynolds may move the trial court for a protective order at any time before the expiration of the 21-day period prescribed in the order compelling discovery. See generally, e.g., Brittain v. Stroh Brewery Co., 136 F.R.D. 408,413 (M.D. N.C. 1991) (interpreting parallel Rule 26(c), Fed.R.Civ.P., to require that motions for protective orders be filed in a timely or seasonable manner); Nestle Foods Corp. v.Aetna Cas. Sur. Co., 129 F.R.D. 483, 487 (D. N.J. 1990) (same);Wang v. Hsu, 919 F.2d 130, 131 (10th Cir. 1990) (stating that a motion for a protective order is timely if made before the date set for the discovery); United States v. International BusinessMachines Corp., 70 F.R.D. 700, 701 (S.D. N.Y. 1976) ("Such motions under Rule 26(c) must be served before the date set for production."); see also 8 C. Wright, et al., Federal Practiceand Procedure § 2035 (1994); Rule 26, Ala. R. Civ. P., cmt. (discussing the Federal Rule upon which Alabama Rule 26(c) was modeled and citing Wright Miller, Federal Practice andProcedure § 2035). We have previously held that a petitioner's failure to move for a protective order renders his petition premature. See Ex parte Sargent Indus., Inc., 466 So.2d 961,963 (Ala. 1985) (stating that a party's failure to seek a protective order from the trial court bars mandamus relief because a protective order "is the appropriate procedural device for limiting or prohibiting discovery"); Cole v. ColeTomato Sales, Inc., 293 Ala. 731, 734, 310 So.2d 210, 212
(1975) (same).
Reynolds argues that its filing of a prehearing motion in opposition to Witherington's motion to compel exempts it from the requirement that it challenge the trial court's ultimate ruling at the hearing by objecting or, thereafter, by a motion for a protective order. Rule 34(b), Ala. R. Civ. P.[1]
Specifically, Reynolds argues that because Rule 37(a)(2) states that the trial court "may make such protective order as it would have been empowered to make on a motion made pursuant to Rule 26(c)," Reynolds was not required to move for such a protective order after the trial court had ruled at the hearing. Thus, Reynolds concludes that its petition for the writ of mandamus is not premature. We disagree.
The fact that Rule 37(a)(2) vests the trial court with the discretion to grant protective orders does not relieve a party of the duty to bring an alleged error to the trial court's attention before seeking relief from an appellate court. The comments to Rule 37(a)(2) provide that a "party" opposing a Rule 37 motion compelling discovery "can obtain a protective order." This language clearly indicates that if the trial court does not exercise its discretion to grant a protective order sua sponte, some action by the *Page 900 
party opposing discovery is required to obtain such an order. This interpretation is consistent with the general policy set forth in Sargent and Cole, supra, to afford the trial court the opportunity to address its alleged error before a party seeks mandamus relief from an appellate court to correct the alleged error. We therefore hold that Reynolds's failure to object at the hearing or to move for a protective order renders its petition premature.
Reynolds may choose to move the trial court for a protective order before the expiration of the remainder of the 21-day period stayed by this Court's previous order, or within such reasonable time as the trial court may allow. SeeWang, 919 F.2d at 131; Brittain, 136 F.R.D. at 413. If either party is dissatisfied with the trial court's ruling on such a motion for a protective order, that party may then petition for a writ of mandamus. Cf. Sargent, 466 So.2d at 963; Cole,293 Ala. at 734, 310 So.2d at 212.
The stay of the trial court's discovery order is dissolved and the petition is denied.
STAY DISSOLVED; WRIT DENIED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.
[1] Rule 34(b) provides in pertinent part:
 "The party upon whom the request [for the discovery of documents] is served shall serve a written response . . . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is objected to . . . . The party submitting the request may move for an order [compelling discovery] under Rule 37(a) . . . ."