Horton Homes, Inc., Dynasty, Inc., and HS Homes (collectively referred to as "Horton Homes"), are defendants in an action pending in the Elmore Circuit Court arising out of the purchase and set-up of a manufactured home. The plaintiffs, John B. Britt and Landria W. Britt ("the Britts"), allege breach of express and implied warranties, violations of the Magnuson-Moss Warranty Act, negligent or wanton repair, fraud by misrepresentation, and fraud by failure to disclose. Horton Homes petitions for a writ of mandamus directing Elmore Circuit Judge John B. Bush to vacate his order directing Horton Homes to respond to the Britts' requests for production. We deny the petition.
On May 19, 1999, the Britts filed with their complaint, pursuant to Rule 34, Ala.R.Civ.P., several requests for production; three of those requests are the subject of this petition. Those three requests sought the following documents:
 "2. All complaints filed against any defendant with the Manufactured Housing Commission, Commissioner of Insurance, or the Consumer Protection Agency of any state within the five years before the filing of this action." *Page 538 
 "3. All complaints filed in any court against any defendant within the last past [sic] ten years concerning the construction, sale, repair, or financing of mobile homes."
 "40. Any correspondence to or from the Department of Housing and Urban Development within the last ten years concerning quality control, lack of quality control, violations of HUD regulations, citations, fines or penalties arising in whole or part from your manufacture or sale of manufactured housing."
Horton Homes, on July 15, 1999, responded to the Britts' requests, as follows:
 "Defendants object to Requests #2, #3, #22, #26, #27, #31, #40 and #41 for reason that the documents requested are beyond the scope of discovery [and are] not reasonably calculated to lead to the disclosure of admissible evidence."
The Britts, on August 30, 1999, filed a motion to compel discovery, citing numerous theories, supported by caselaw, as to why the requested documents were not beyond the scope of discovery and were reasonably calculated to lead to discoverable evidence. On September 2, 1999, Horton Homes stated in a one-page response that "they stand behind their previous discovery responses and objections, and request a full hearing on all issues presented in [the plaintiffs'] Motion."
On October 14, 1999, the court held a hearing on the motion to compel. After the hearing, but on the same day, the court directed Horton Homes to produce the requested documents. The order of October 14, 1999, reads:
 "1. The defendants shall produce the documents requested in items two (consumer complaints), three (complaints filed in court), twenty-two (dealer file), and twenty-six (IPIA inspection report) of Plaintiffs' Request for Production.
 "2. The defendants shall produce all reports or inspections of its plants within the State of Georgia by the National Conference of States on Building Codes and Standards (NCSBCS) or any division thereof, conducted within the last five (5) years.
 "3. The defendants shall produce any correspondence to or from the Department of Housing and Urban Development from January 1, 1994, through January 31, 1998, concerning lack of quality control, violations of HUD regulations, citations, fines, or penalties arising in whole or part from the defendants' manufacture or sale of manufactured housing.
 "4. The defendants shall produce all advertising literature or material used within the State of Alabama within the two (2) years prior to the sale of the home to the plaintiffs.
 "5. The defendants shall produce the above documents within 21 days from this date.
"Ordered this 14th day of October, 1999."
(Emphasis added).
On October 27, 1999, Horton Homes moved to reconsider the October 14 order; in that motion, for the first time, it offered additional reasons why it considered the requests for production to be beyond the bounds of discovery. In addition to asserting that requests 2, 3, and 40 were "beyond the scope of discovery [and are] not reasonably calculated to lead to the disclosure of admissible evidence," Horton Homes also asserted, for the first time, that those requests were "overly broad, unduly burdensome, [and] not reasonably limited in time, scope and geographical area." The trial court denied Horton Homes' motion to reconsider, on October 29, 1999.
By the order of October 14, 1999, Horton Homes' response to the Britts' requests for production was due within 21 days from that date, i.e., no later than *Page 539 
November 4, 1999. However, Horton Homes failed to respond by November 4, 1999. On November 19, 1999, Horton Homes moved for a protective order pursuant to Rule 26(c), Ala.R.Civ.P. In its motion for a protective order, Horton Homes articulated the same two arguments it had presented in its motion for reconsideration. However, in further support of its motion, and for the first time, Horton Homes submitted an affidavit from Jimmy Holton, a Horton Homes representative, stating that production of the documents sought by requests 2, 3, and 40 would be unduly burdensome because of the large number of files Horton Homes would have to search in order to comply, and the manner in which those records were kept. The trial court denied the motion for a protective order. Horton Homes filed this petition for the writ of mandamus.
A writ of mandamus will be "issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte UnitedServ. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). "The Alabama Rules of Civil Procedure vest broad discretion in the trial court to control the discovery process and to prevent its abuse; that discretion is not unlimited, however, and mandamus is the proper means of review to determine whether the trial court has abused its discretion." Ex parte Thomas, 628 So.2d 483, 485
(Ala. 1993) (citing Ex parte Nissei Sangyo America, Ltd.,577 So.2d 912 (Ala. 1991)). "`An appellate court may not decide whether it would, in the first instance, have permitted the prayed for discovery. Furthermore, it is unusual to find abuse of discretion in these matters.'" Ex parte Marsh McLennan, Inc.,404 So.2d 654, 655 (Ala. 1981) (quoting Assured Investors Life Ins. Co. v.National Union Assocs., Inc., 362 So.2d 228, 232 (Ala. 1978), citing Swanner v. United States, 406 F.2d 716 (5th Cir. 1969)).
The discovery requests at issue here were made by the Britts pursuant to Rule 34, Ala.R.Civ.P. We do not reach the merits of Horton Homes' arguments regarding the discoverability of the materials sought by those requests because we conclude that Horton Homes waived its right to seek mandamus review by failing to move for a protective order pursuant to Rule 26(c) within the time allowed for compliance with the trial court's order compelling production.
In Ex parte Reynolds Metals Co., 710 So.2d 897 (Ala. 1998), this Court determined that orders compelling discovery are reviewable by mandamus petition only if the objecting party has properly moved for a protective order pursuant to Rule 26(c), Ala.R.Civ.P. In Reynolds Metals, the plaintiff sued Reynolds Metals, alleging that it had negligently caused him to suffer asbestos-related injuries while he was employed by Reynolds Metals in 1965. 710 So.2d at 898. In relation to these claims, the plaintiff requested, through the discovery rules, "all documents and information Reynolds had in its possession concerning the hazards of asbestos." Id. Reynolds Metals objected to these requests on the ground that they were overly broad and unduly burdensome. Id. The plaintiff moved to compel discovery, and Reynolds Metals further objected. Id. The trial court held a hearing on the motion to compel; after the hearing, the court ordered Reynolds Metals to produce, within 21 days, numerous documents located at its many facilities throughout the world. Id. at 899. Without moving for a protective order, but before the 21 days had expired, Reynolds Metals filed a mandamus petition with this Court, asserting that the trial court had abused its discretion. Id. This Court held that the petition was premature — that a writ of mandamus will issue only when there is no other adequate remedy, and Reynolds Metals had not pursued its remedy available *Page 540 
through requesting a protective order from the trial court. Id. The running of the 21-day period had been stayed because of the filing of the mandamus petition. This Court dissolved the stay and denied the writ, indicating that Reynolds Metals could go back to the trial court and request a protective order before the expiration of the 21 days, and then, if the Court denied it, Reynolds Metals could thereafter petition this Court for mandamus review. Id.
Simply put, Reynolds Metals stands for the proposition that a party dissatisfied with the trial court's ruling on a motion to compel discovery must first make a timely motion for a protective order, so as to create a record to support the essential allegation that the petitioner has no other adequate remedy. Id. The motion for a protective order pursuant to Rule 26(c) and any subsequent mandamus petition must be filed within the time period set for production by the trial court in its order compelling discovery. See Reynolds Metals, 710 So.2d at 899 ("Under Rule 26(c), Ala.R.Civ.P., Reynolds may move the trial court for a protective order at any time before the expiration of the 21-day period prescribed in the order compelling discovery."); see, also,Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 413 (M.D.N.C. 1991) (interpreting parallel Rule 26(c), Fed.R.Civ.P., to require that a motion for a protective order be filed in a timely or seasonable manner); Wang v. Hsu, 919 F.2d 130, 131 (10th Cir. 1990) (stating that a motion for a protective order is timely if made before the date set for the discovery); United States v.International Bus. Machs. Corp., 70 F.R.D. 700, 701 (S.D.N Y 1976) ("Such motions under Rule 26(c) must be served before the date set for production."); 8 C. Wright et al., Federal Practiceand Procedure § 2035 (1994); Rule 26, Ala.R.Civ.P., cmt. (discussing the federal rule upon which Alabama Rule 26(c) was modeled and citing Wright Miller, Federal Practice and Procedure
§ 2035).
The trial court's October 14, 1999, order allowed Horton Homes 21 days to comply with the plaintiffs' discovery requests. Although Horton Homes filed a motion to reconsider on October 27, 1999, this motion was denied by the trial court on October 29, 1999, and, therefore, did not stay the running of the 21 days. Thereafter, November 4, 1999, the 21st day, came and went without the required production. Horton Homes finally filed a motion for a protective order on November 19, 1999, more than two weeks after the trial court's 21-day period had expired. By not moving for a protective order within the 21-day period, Horton Homes waived its right to a protective order under Rule 26(c); because it waived its right to a protective order, it cannot now show a clear legal right to the relief sought, which is a prerequisite for the issuance of a writ of mandamus. See Ex parte United Serv.Stations, Inc., 628 So.2d 501 (Ala. 1993).
The stay of discovery previously issued by this Court is dissolved, and the writ is denied.
STAY DISSOLVED; WRIT DENIED.
Hooper, C.J., and Maddox, Cook, and Johnstone, JJ., concur.