The failure to move for a second protective order directed to the production required in the order entered in response to Dr. Anderson's previous motion to reconsider or, in the alternative, for a protective order does not require that the petition be denied for a failure to show the unavailability of another adequate remedy. Where the trial court has had the opportunity, in ruling on a previous motion for a protective order, to address the grounds asserted by the party opposed to production, it would exalt form over substance to require the filing of a second motion for a protective order reciting the same grounds merely because the trial court, in ruling on the *Page 204 
previous motion, created a new deadline. Compare Ex parte HortonHomes, Inc., 774 So.2d 536 (Ala. 2000) (petition for writ of mandamus denied for failure to demonstrate inadequacy of other remedy where a potential avenue of relief had been waived). The circumstances here presented are quite different from those presented in Horton Homes, where the trial court had never been asked to rule on a motion for a protective order before the deadline for discovery.