I respectfully dissent. While I agree that the discovery materials at issue do contain trade secrets, I do not agree that issuing this writ of mandamus is the proper remedy.
Miltope submitted to the trial court an affidavit that proves that the materials contain trade secrets. Kaylor does not dispute that the materials contain trade secrets. Certain information within the materials constitutes trade secrets because (1) it is secret, (2) it is valuable, and (3) its value depends on its secrecy, that is, its nondisclosure.
Trade-secret status, however, is not ground for denying discovery unless the secrecy cannot be adequately protected by a protective order.See Rule 507, Ala. R. Evid. See also 3 Jack B. Weinstein, Weinstein'sFederal Evidence § 508.05[1] and § 508.07[1] (2d ed. 2001). While the protective order entered by the trial court in this case would seem to allow disclosure of the trade secrets to too many people, Miltope has not objected to the catalogue of persons the protective order would allow to review the trade secrets. Nor has Miltope applied to the trial court for a reduction in the number of people who could learn the trade secrets or for a more rigorous form of protection, such as in camera review. Rather, Miltope has tried to use its trade-secret claim in order to prevent discovery of the materials containing trade secrets altogether. Miltope is not entitled to avoid discovery of the trade secrets altogether inasmuch as, as the main opinion recognizes, the materials are relevant to Kaylor's fraud claims.
As the main opinion correctly observes, a party's right to a writ of mandamus is dependent on "the lack of another adequate remedy." Ex parteAlfab, Inc., 586 So.2d 889, 891 (Ala. 1991). Miltope has not even tried to demonstrate to the trial court or to this Court that a more restrictive or rigorous protective order would not adequately protect the trade secrets. Nor has Miltope sought a more restrictive or rigorous protective order from the trial court. Therefore, although the trial court itself has entered a protective order which may be too lax, Miltope has not exhausted its remedies as required by Ex parte Horton Homes, Inc.,774 So.2d 536 (Ala. 2000), and Ex parte Reynolds Metals Co., 710 So.2d 897
(Ala. 1998), by seeking a protective *Page 648 
order sufficiently restrictive or rigorous to protect the trade secrets. Therefore the petition for a writ of mandamus should be denied.