PARKER, Justice.

I. Background

The Terminix International Company Limited Partnership, Inc. (“Terminix”), petitions this Court for a writ of mandamus directing the trial court to issue a protective order limiting discovery by George Perry and Twila Perry in their underlying action against Terminix.[1]
On April 29, 1999, the Perrys entered into a contract with ABC Pest Control to provide termite protection at their residence. On December 28, 2000, Terminix acquired the Perrys’ account from ABC Pest Control.
The Perrys sued Terminix on July 18, 2005, asserting, among other things, claims of fraud, breach of warranty, negligence, breach of contract, and negligent training, supervision, and retention, and claims pursuant to the Alabama Deceptive Trade Practices Act, § 8-19-1 et seq., Ala.Code 1975, and seeking equitable relief. They allege that Terminix failed to properly inspect their residence, failed to detect a termite infestation in the residence, failed to disclose conditions in their residence that Terminix alleged reduced the effectiveness of treatment measures that had been performed on their residence, and misrepresented the condition of their residence.
The Perrys served four sets of discovery upon Terminix, asking, among other things, for records concerning Terminix’s dealings with other customers from 2000 through 2006. Terminix objected, on the basis that the requested discovery is overly broad, unduly burdensome, not appropriately limited in scope, and not calculated to lead to the discovery of relevant evidence. The Perrys filed a motion to compel discovery. After extensive briefing, the trial court, on September 5, 2006, granted the Perrys’ motion to compel and ordered Terminix to disclose information from the branch office that had serviced the Perrys’ residence regarding 1) all Ter-minix customers for the period beginning the month before the Perrys became customers of Terminix and ending the month after the Perrys ceased being customers; 2) all customers who had received any services from Terminix through Terminix employee Staci Flenoir from 2000 through 2006; 8) all customers whose contract included a set fee for a set period, regardless of the date; 4) all documents related to contract renewals; and 5) customer profiles for the customers as to whom discovery was to be produced. The trial court ordered Terminix, within 14 days of the order, to “fully, completely, substantively, and with detail and specificity respond to or supplement previous responses (if necessary) to the ... discovery requests” of the Perrys. By agreement, the parties extended the 14-day deadline from September 19 to September 22. A further dispute over the responsiveness of Termi-nix’s answers ensued. On September 27 *851 Terminix filed a motion asking the trial court to reconsider its discovery order and a motion for a protective order seeking to limit the requested discovery. On September 28 the Perrys filed a motion for sanctions.
The trial court held a hearing on these and other pending motions on April 16, 2007. On April 19, 2007, the trial court found the September 5 order to be reasonable, and it denied Terminix’s motion to reconsider and the Perrys’ motion for sanctions. It denied the motion for a protective order by separate order on May 10, 2007. Terminix then petitioned this Court for a writ of mandamus, asking this Court to direct the trial court to limit the scope of discovery in accord with its motion for a protective order.

II. Standard of Review

“ ‘ “The writ of mandamus is a drastic and extraordinary remedy, to be issued only when there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Ex parte Horton, 711 So.2d 979, 983 (Ala.1998) (citing Ex parte United Serv. Stations, Inc., 628 So.2d 501 (Ala.1993)); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991) (citing Martin v. Loeb & Co., 349 So.2d 9 (Ala.1977)). Moreover, this Court will not issue a writ of mandamus compelling a trial judge to alter a discovery order unless this Court ‘determines, based on all the facts that were before the trial court, that the trial court clearly abused its discretion.’ Ex parte Horton, 711 So.2d at 983. Moreover, ‘ “[t]he right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief,” and “[t]he writ will not issue where the right in question is doubtful.” ’ Ex parte Bozeman, 420 So.2d 89, 91 (Ala.1982) (quoting Ex parte Dorsey Trailers, Inc., 397 So.2d 98, 102 (Ala.1981)).” ’
“Ex parte Pitts, 822 So.2d 418, 421-22 (Ala.2001). See also Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 813 (Ala.2003) (holding that ‘mandamus will issue to reverse a trial court’s ruling on a discovery issue only (1) where there is a showing that the trial court clearly exceeded its discretion, and (2) where the aggrieved party does not have an adequate remedy by ordinary appeal. The petitioner has an affirmative burden to prove the existence of each of these conditions.’). The Court in Ocwen noted that ‘[i]n certain exceptional cases ... review by appeal of a discovery order may be inadequate’ and that among those exceptional cases were those in which ‘a discovery order compels the production of patently irrelevant or du-plicative documents, such as to clearly constitute harassment or impose a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party ....’ 872 So.2d at 813. See also Ex parte Crawford Broad. Co., 904 So.2d 221 (Ala.2004).”
Ex parte Cooper Tire & Rubber Co., 987 So.2d 1090,1101 (Ala.2007).

III. Analysis

The Perrys argue that a writ of mandamus is not the proper remedy because, they say, Terminix did not timely file its motion for a protective order.
“A timely-fíled motion for protective order is required both in order to later file a petition for writ of mandamus, remedies having been exhausted, and in order to toll the running of the 42-day period for filing a petition for writ of mandamus. Ex parte Orlcin, Inc., [960 *852 So.2d 685, 640-41 (Ala.2006) ]. ... It is clear that Terminix did not file a motion for protective order until after the time required to answer the trial court’s September 5, 2006 order had passed, no matter how it is figured. Therefore, Terminix has never had the right to file a petition for writ of mandamus and never will at this point.... ”
The Perrys’ answer at 15.
In Ex parte Horton Homes, Inc., 774 So.2d 536, 589-40 (Ala.2000), this Court addressed the necessity of a timely filed motion for a protective order to appellate review of a ruling on a discovery motion by way of a mandamus petition:
“In Ex parte Reynolds Metals Co., 710 So.2d 897 (Ala.1998), this Court determined that orders compelling discovery are reviewable by mandamus petition only if the objecting party has properly moved for a protective order pursuant to Rule 26(c), Ala. R. Civ. P.
[[Image here]]
“Simply put, Reynolds Metals stands for the proposition that a party dissatisfied with the trial court’s ruling on a motion to compel discovery must first make a timely motion for a protective order, so as to create a record to support the essential allegation that the petitioner has no other adequate remedy. Id. The motion for a protective order pursuant to Rule 26(c) and any subsequent mandamus petition must be filed within the time period set for production by the trial court in its order compelling discovery. See Reynolds Metals, 710 So.2d at 899 (‘Under Rule 26(c), Ala. R. Civ. P., Reynolds may move the tidal court for a protective order at any time before the expiration of the 21-day period prescribed in the order compelling discovery.’); see, also, Brittain v. Stroh, Brewery Co., 136 F.R.D. 408, 413 (M.D.N.C.1991) (interpreting parallel Rule 26(c), Fed.R.Civ.P., to require that a motion for a protective order be filed in a timely or seasonable manner); Wang v. Hsu, 919 F.2d 130, 131 (10th Cir.1990) (stating that a motion for a protective order is timely if made before the date set for the discovery); United States v. International Bus. Machs. Corp., 70 F.R.D. 700, 701 (S.D.N.Y.1976) (‘Such motions under Rule 26(c) must be served before the date set for production.’); 8 C. Wright et al., Federal Practice and Procedure § 2035 (1994); Rule 26, Ala. R. Civ. P., cmt. (discussing the federal rule upon which Alabama Rule 26(c) was modeled and citing Wright & Miller, Federal Practice and Procedure § 2035).”
In Ex parte Orkin, Inc., 960 So.2d 635, 640-41 (Ala.2006), relied on by the Perrys, this Court similarly stated:
“Orkin moved for a protective order within the 30-day period in which the contested production was compelled.5
[[Image here]]
“5 See Wang v. Hsu, 919 F.2d 130, 131 (10th Cir.1990) (a motion for a protective order is timely if made before the date set for the discovery); United States v. International Business Machs. Corp., 70 F.R.D. 700, 701 (S.D.N.Y.1976) (‘motions under Rule 269(c)[sic] [, Fed.R.Civ. P.,] must be served before the date set for production’); see also 8 Wright, Miller & Marcus, Federal Practice and Procedure § 2035 (1994).”
More recently, in Ex parte Meadowbrook Insurance Group, Inc., 987 So.2d 540 (Ala.2007), this Court reiterated the prerequisite of a timely filed motion for a protective order to review by a petition for the writ of mandamus:
“[A] petition [for a writ of mandamus] challenging an order compelling discovery is timely only if (1) a protective order is sought, pursuant to Ala. R. Civ. P. 26(c), within the time set for compli- *853 anee with the order, Ex parte Orkin, Inc., 960 So.2d 635, 640 n. 5 (Ala.2006) (citing with approval Wang v. Hsu, 919 F.2d 130, 131 (10th Cir.1990)), and (2) the mandamus petition is filed no more than 42 days after the denial of the protective order. 960 So.2d at 640.”
987 So.2d at 546.
Here Terminix’s motion for protective order was filed after the time for production ordered by The trial court, as extended by the parties, had expired. Therefore, Terminix’s petition is due to be denied because its motion for a protective order was not timely filed with the trial court.
PETITION DENIED.
COBB, C.J, and SEE, WOODALL, and SMITH, JJ., concur.

. In a separate petition (case no. 1061235), Terminix sought a writ of mandamus ordering the trial court to compel arbitration. On June 28, 2007, this Court denied that petition.