MURDOCK, Justice
(dissenting).
In adopting the recommendation of the special master and ordering the deposition of Thomas T. Gallion III, counsel for the Industrial Development Board of the City of Montgomery (“the IDB”), as a fact witness,[11] the trial court applied the standard articulated in Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir.1986). The facts found by the trial court in its application of the Shelton standard are inconsistent with those findings necessary to rule in the manner advocated in the main opinion. Given the testimony described near the end of the main opinion, I cannot conclude that there is insufficient evidence to support the findings made by the trial court and that the trial court “clearly exceeded its discretion” in denying the IDB’s motion for a protective order preventing Gallion’s deposition. Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala.2003) (citing Home Ins. Co. v. Rice, 585 So.2d 859, 862 (Ala.1991)). Accordingly, I cannot conclude that the petitioner has shown in this Court “a clear legal right ... to the order sought.” Ex parte Horton Homes, Inc., 774 So.2d 536, 539 (Ala.2000). Therefore, I am compelled to dissent.

. A number of other attorneys who represented various parties involved in the “project” at issue in these actions already have been deposed as fact witnesses.