According to the amended complaint filed by the City of Irondale in the underlying action, the owners and operators of *Page 2 
a hospital located on Montclair Road in the City of Birmingham, known as Montclair Baptist Medical Center and subsequently known as Trinity Medical Center, decided to relocate the hospital in the City of Irondale. Later, after the City of Irondale had engaged in negotiations to purchase the relocation site and had taken steps toward infrastructure improvement on the site, [1] a decision was made not to relocate the hospital in the City of Irondale, but instead to relocate the hospital at a different location in the City of Birmingham. During the course of determining where to relocate, the hospital has been sold, purchased, and operated by various corporate entities, including the petitioner Community Health Systems Professional Services Corporation ("CHSPSC").
In the underlying action, the City of Irondale sued CHSPSC and others in the Jefferson Circuit Court, alleging breach of contract, fraud/suppression, promissory estoppel, and intentional interference with contractual and business relations. During discovery, the City of Irondale sought to depose Wayne Smith, the chief executive officer and president *Page 3 
of CHSPSC. The trial court denied CHSPSC's motion for a protective order preventing Smith's deposition, and CHSPSC has petitioned this Court for a writ of mandamus directing the trial court to vacate its order denying CHSPSC's motion for a protective order and to enter a protective order preventing Smith's deposition. We deny the petition.
 Standard of Review "A writ of mandamus can be issued to affect the trial court's control of the discovery process, but this Court's review of a petition seeking a writ in a discovery dispute is particularly stringent:
 "`The law relating to the issuance of a writ of mandamus in a case involving a discovery dispute was recently set out in Ex parte Henry, 770 So. 2d 76
(Ala. 2000). In Ex parte Henry, this Court stated:
 "`"Rule 26, Ala. R. Civ. P., governs the discovery of information in civil actions. When a dispute arises over discovery matters, the resolution of the dispute is left to the sound discretion of the trial court. `Discovery matters are within the trial court's sound discretion, and its ruling on those matters will not be reversed absent a showing of abuse of discretion and substantial harm to the appellant.' Wolff v. Colonial Bank, 612 So. 2d 1146, 1146 (Ala. 1992) (citations omitted); see *Page 4 
also Ex parte Hicks, 727 So. 2d 23, 33 (Ala. 1998) (Maddox, J., dissenting).
 "`". . . The writ of mandamus is a drastic and extraordinary remedy, to be issued only when there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Ex parte Horton, 711 So. 2d 979, 983 (Ala. 1998) (citing Ex parte United Serv. Stations, Inc., 628 So. 2d 501 (Ala. 1993)); Ex parte Alfab, Inc., 586 So. 2d 889, 891 (Ala. 1991) (citing Martin v. Loeb Co., 349 So. 2d 9 (Ala. 1977)). Moreover, this Court will not issue a writ of mandamus compelling a trial judge to alter a discovery order unless this Court `determines, based on all the facts that were before the trial court, that the trial court clearly abused its discretion.' Ex parte Horton, 711 So. 2d at 983. Moreover, `"[t]he right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief," and "[t]he writ will not issue where the right in question is doubtful."' Ex parte Bozeman, 420 So. 2d 89, 91 (Ala. 1982) (quoting Ex parte Dorsey *Page 5 Trailers, Inc., 397 So. 2d 98, 102 (Ala. 1981))."`
 "Ex parte Pitts, 822 So. 2d 418, 421-22 (Ala. 2001)."
Ex parte Cooper Tire Rubber Co., 987 So. 2d 1090, 1100-01 (Ala. 2007).
 Discussion
Before addressing the merits of this petition, we consider the City of Irondale's contention that CHSPSC's petition for a writ of mandamus was not timely.
Rule 21(a)(3), Ala. R. App. P., provides:
 "(3) Time for Filing. The petition [for a writ of mandamus] shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court or a lower appellate court shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time."
Rule 4(a), Ala. R. App. P., provides that a party who has a right to appeal to this Court or to an intermediate court of appeals must file a notice of appeal of an order or judgment within 42 days of the entry of the order or judgment. Thus, *Page 6 
the presumptively reasonable time for filing a petition for a writ of mandamus is 42 days, unless an exception applies.
CHSPSC filed its petition for a writ of mandamus on the 42d day after the trial court denied its motion for a protective order. The City of Irondale maintains that in Ex parte Horton Homes, Inc., 774 So. 2d 536
(Ala. 2000), this Court created an exception to the 42-day rule for filing a petition for a writ of mandamus challenging a trial court's denial of a motion for a protective order. According to the City of Irondale, Ex parte Horton Homes provides that for CHSPSC's petition to be timely, CHSPSC had to file its petition within the time limitation set forth in the trial court's order compelling the deposition of Smith. We disagree.
In Ex parte Horton Homes, this Court addressed the timeliness of the filing of a petition of mandamus challenging a trial court's order compelling discovery. In Ex parte Horton Homes, after conducting a hearing, the trial court on October 14, 1999, ordered Horton Homes to produce the documents requested by the plaintiffs, John Britt and Landria Britt, within 21 days from the date of the order, i.e., on or *Page 7 
before November 4, 1999. On October 27, 1999, Horton Homes moved the trial court to reconsider its order compelling the production of the documents. The trial court denied the motion on October 29, 1999. On November 19, 1999, Horton Homes moved for a protective order. The trial court denied the motion, and Horton Homes petitioned this Court for a writ of mandamus directing the trial court to vacate its order requiring Horton Homes to produce the discovery. We denied Horton Homes' petition, concluding that it was not timely filed. We stated:
 "[Ex parte] Reynolds Metals[, 710 So. 2d 897 (Ala. 1998),] stands for the proposition that a party dissatisfied with the trial court's ruling on a motion to compel discovery must first make a timely motion for a protective order, so as to create a record to support the essential allegation that the petitioner has no other adequate remedy. Id. The motion for a protective order pursuant to Rule 26(c)[, Ala. R. Civ. P.,] and any subsequent mandamus petition must be filed within the time period set for production by the trial court in its order compelling discovery. . . .
 "The trial court's October 14, 1999, order allowed Horton Homes 21 days to comply with the [Britts'] discovery requests. Although Horton Homes filed a motion to reconsider on October 27, 1999, this motion was denied by the trial court on October 29, 1999, and, therefore, did not stay the running of the 21 days. Thereafter, November 4, 1999, the 21st day, came and went without the required production. Horton Homes finally filed a motion for *Page 8 
a protective order on November 19, 1999, more than two weeks after the trial court's 21-day period had expired. By not moving for a protective order within the 21-day period, Horton Homes waived its right to a protective order under Rule 26(c); because it waived its right to a protective order, it cannot show a clear legal right to the relief sought."
774 So. 2d at 540.
According to the City of Irondale, Ex parte Horton Homes requires that for a petition for a writ of mandamus challenging a trial court's discovery order to be timely the petition must be filed within the limitations period set forth in the trial court's order. The City of Irondale reasons that for CHSPSC's petition for a writ of mandamus to be timely, CHSPSC had to file its petition within 30 days from the date of the trial court's order denying the protective order. The City of Irondale, however, ignores facts that make the rule set forth in Ex parteHorton Homes inapplicable to this petition.
In this case, on November 1, 2010, the trial court entered an order directing that Smith's deposition be taken within 30 days. On November 5, 2010, CHSPSC moved the trial court to reconsider, to set aside the order, and to issue a protective order prohibiting the deposition of Smith. On *Page 9 
November 30, 2010, the trial court granted a separate motion filed by CHSPSC to stay the order compelling Smith's deposition until after a hearing on the matter. On December 17, 2010, the trial court conducted a hearing, and on December 21, 2010, after reviewing the evidence, the trial court denied CHSPSC's November 5, 2010, motion. The trial court's order stated that "the [City of Irondale] is admonished to take into account Mr. Smith's schedule so as to arrange his deposition in such a manner that it will not be unduly burdensome or amount to oppression."
Here, the language in the trial court's order denying CHSPSC's motion for a protective order modified the time period the trial court had originally established for deposing Smith. Unlike the order in Ex parteHorton Homes, which did not modify the time for complying with the discovery order, the order in this case denying a protective order modified the period for the taking of Smith's deposition from 30 days from the denial of CHSPSC's motion for a protective order to a time that "will not be unduly burdensome or amount to oppression." Therefore, the rule set forth in Ex parte Horton Homes is inapplicable, and CHSPSC was not required to file its *Page 10 
petition for a writ of mandamus within 30 days of the trial court's denial of the motion for a protective order. CHSPSC's filing of the petition within 42 days of the trial court's order of December 21, 2010, denying the motion for a protective order was timely.
We now consider whether a petition for a writ of mandamus is the proper means of review for the issue presented. CHSPSC contends that the trial court exceeded the scope of its discretion by denying its motion for a protective order prohibiting Smith's deposition because, it says, the City of Irondale seeks to depose Smith to obtain "duplicative" information, i.e., information it "has already obtained . . . from other sources and subordinate employees of CHSPSC," in order "to harass and unduly burden CHSPSC."
In Ex parte Ocwen Federal Bank, FSB, 872 So. 2d 810, 813 (Ala. 2003), this Court stated:
 "Generally, an appeal of a discovery order is an adequate remedy. . . . In certain exceptional cases, however, review by appeal of a discovery order may be inadequate, for example, . . . when a discovery order compels the production of patently irrelevant or duplicative documents, such as to clearly constitute harassment or impose a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party. . . ." *Page 11 
(Footnote omitted.) Thus, a petition for a writ of mandamus is an appropriate means for review of the trial court's denial of CHSPSC's motion for a protective order. See Ex parte Jacksonville State Univ.,40 So. 3d 672, 676 (Ala. 2009) (concluding that mandamus review of a trial court's denial of a protective order prohibiting the depositions of high-ranking university officials concerning allegations unrelated to the case was proper when the petitioner argued that "`the discovery sought . . . is an improper attempt to obtain patently irrelevant and immaterial information in order to harass, unduly burden, and embarrass the defendants'").
We now must determine whether CHSPSC has established a clear legal right to a protective order prohibiting the City of Irondale from deposing Smith.
Rule 30(a), Ala. R. Civ. P., provides, in pertinent part, that "any party may take the testimony of any person, including a party, by deposition upon oral examination." Rule 26(c), Ala. R. Civ. P., provides:
 "Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or, alternatively, on matters relating to a deposition or production or inspection, the court in the circuit where the deposition or production or *Page 12 
inspection is to be taken may make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."
In Ex parte Jacksonville State, 40 So. 3d at 676-77, we discussed a party's right to discovery and the trial court's discretion in managing discovery, stating:
 "`"In Ex parte AMI West Alabama General Hospital, 582 So. 2d 484, 485-86 (Ala. 1991), we explained:
 "`"`This rule [Ala. R. Civ. P. 26(b)(1)] contemplates a broad right of discovery. Discovery should be permitted if there is any likelihood that the information sought will aid the party seeking discovery in the pursuit of his claim or defense. Discovery is not limited to matters that would be admissible as evidence in the trial of the lawsuit. Ex parte Dorsey Trailers, Inc., 397 So. 2d 98 (Ala. 1981).'
 "`"`A trial judge, who has broad discretion in this area, should nevertheless incline toward permitting the broadest discovery and utilize his discretion to issue protective orders to protect the interests of parties opposing discovery.' 582 So. 2d at 486.
 "`"In order for the matter to be discoverable, the information sought must also be relevant. `"Relevancy," as used in our discovery rules, means relevant to the *Page 13 
subject matter of the action; evidence is relevant if it affords a reasonable possibility that the information sought will lead to other evidence that will be admissible. . . .'"`
 "Ex parte CIT Commc'n Fin. Corp., 897 So. 2d 296, 299-300
(Ala. 2004) (quoting Zaden v. Elkus, 881 So. 2d 993, 1005
(Ala. 2003)).
 "`Recognizing that the right to discovery is not unlimited and the trial court has broad powers to control discovery to prevent abuse, nevertheless, the party who seeks a protective order has the burden of showing good cause why discovery should not be had.
 "`"Thus, to be entitled to a protective order, a movant must either show good cause why the objected-to deposition or production of documents would be unduly burdensome or expensive, oppressive, embarrassing or annoying, or that the subject matter sought to be discovered is privileged. . . ."`
 "Ex parte Scott, 414 So. 2d 939, 941 (Ala. 1982) (quoting Assured Investors Life Ins. Co. v. National Union Assocs., Inc., 362 So. 2d 228, 231 (Ala. 1978), overruled on other grounds by Ex parte Norfolk Southern Ry., 897 So. 2d 290 (Ala. 2004))."
According to CHSPSC, the trial court exceeded the scope of its discretion by denying a protective order prohibiting Smith's deposition. CHSPSC maintains that it has shown good cause for the protective order because, it says, Smith is a *Page 14 
high-ranking corporate officer who does not have superior or unique knowledge of the decision to relocate the hospital to a different location in the City of Birmingham instead of to a location in the City of Irondale and that the City of Irondale has not exhausted less intrusive means in an effort to obtain the information. According to CHSPSC, the taking of Smith's deposition would constitute harassment and would be duplicative, inconvenient, and burdensome.
In support of its argument, CHSPSC directs this Court to Baine v. GMC,141 F.R.D. 332 (M.D. Ala. 1991), in which the federal district court entered a protective order quashing the deposition notice of one of a corporation's top executive officers. Sharon D. Baine had sued General Motors Corporation, alleging that the restraint system had failed in a General Motors' vehicle during an accident and had contributed to the pain and death of Baine's decedent, who, at the time of the accident, was wearing an allegedly defective seatbelt. Baine noticed the deposition of Edward H. Mertz, a vice president at General Motors — the top executive of the Buick Division. Mertz, some 14 years earlier, had been involved in General Motors' engineering activities and, after *Page 15 
driving a 1978 prototype vehicle for a few days, had written a memorandum regarding the performance of the restraint system. General Motors moved for a protective order quashing the deposition notice of Mertz, arguing that deposing Mertz would be "burdensome, inconvenient, duplicative, and premature." 141 F.R.D. at 333. General Motors offered as an alternative to the deposition of Mertz the deposition of the employee who headed the company's engineering-analysis section and suggested that before taking Mertz's deposition the deposition of the designated corporate officer should be taken to see what information it produced. The district court quashed Baine's notice of deposition, stating:
 "[General Motors] here has shown good cause why Mr. Mertz should not be deposed at this time. The court finds that deposing Mr. Mertz at this time would be oppressive, inconvenient, and burdensome inasmuch as it has not been established that the information necessary cannot be had from [the head of the company's engineering-analysis section], other distributees of the Mertz memorandum, interrogatories, or the corporate deposition. The corporate deposition has not yet been taken, and it could satisfy some of [Baine's] needs. At the very least, it would aid in developing and refining a line of questioning. These avenues have not yet been exhausted or even pursued. It has not been demonstrated that Mr. Mertz has any superior or unique personal knowledge of the restraint system or of the accident which led to [Baine's] decedent's death." *Page 16 
141 F.R.D. at 335. The district court specifically stated that its decision was based on its concern for the "possibility of duplication, inconvenience, and burdensomeness" and that, if, during the course of discovery, Baine's questions were not answered by Mertz's answers to interrogatories, the corporate deposition, and the deposition of others who were lower in the corporate hierarchy than Mertz, the noticing of Mertz's deposition would be proper.
CHSPSC contends that the deposition of Smith is not necessary because Smith, who is the chief executive officer and president of CHSPSC, does not have unique or superior knowledge regarding the decision to change the relocation site of the hospital from the City of Irondale to the City of Birmingham. CHSPSC points out that the deposition of several participants in the decision-making process have established that Smith was not the primary decision-maker regarding the decision to relocate the hospital within the City of Birmingham instead of relocating to the City of Irondale. CHSPSC, however, ignores the following relevant facts that establish that Smith does have personal knowledge and involvement in that decision: After an announcement had been *Page 17 
made that the hospital was relocating to the City of Irondale, Smith was involved in the first conversation that led to an agreement to instead relocate the hospital within the City of Birmingham; that Smith requested that an employee of CHSPSC visit the site in the City of Birmingham to determine its viability as a relocation site; that, after public statements had been made that the hospital was relocating to the City of Irondale, Smith represented to the owners of the relocation site in the City of Birmingham that CHSPSC had not yet made a relocation decision and that CHSPSC would be a "fool" not to consider all its options; that the alleged primary decision-maker discussed the two possible locations with Smith; that Smith offered guidance and suggestions during the relocation decision-making process; that the alleged primary decision-maker had submitted to Smith a memorandum detailing the hospital's obligations to the City of Irondale and the potential liabilities if a decision was made to relocate elsewhere; that Smith's "blessing" was required on the decision for the relocation site; and that Smith, himself, telephoned the owners of the relocation site in the City of Birmingham to inform them that the hospital would begin the *Page 18 
process for relocating to their site. The foregoing establishes that Smith was an integral participant in deciding whether to relocate the hospital in the City of Birmingham, instead of the City of Irondale, and that Smith possesses relevant knowledge regarding the decision-making process that cannot be gleaned from other corporate employees. Therefore, CHSPSC has failed to establish good cause for the issuance of a protective order in this regard.
Likewise, because of Smith's involvement in the decision-making process, CHSPSC has not established that less intrusive means of discovery would be adequate. We acknowledge that the materials before us indicate that the City of Irondale has not taken the deposition of the corporate representative, pursuant to Rule 30(b)(6), Ala. R. Civ. P. However, in light of the materials presented to us and the extensive discovery already conducted by the City of Irondale, at this stage in discovery requiring the deposition of the corporate representative before deposing Smith appears to be of minimal benefit. This case does not present a situation where a party is attempting to depose a high-ranking corporate officer who has little to no personal knowledge of the subject matter of the litigation. *Page 19 
Indeed, the materials before this Court indicate that Smith was an integral participant in the relocation decision-making process; consequently, only he can provide the information, and a less intrusive means of discovery in this particular case would be inadequate. Therefore, we cannot conclude that deposing Smith at this stage in the discovery process is premature or that CHSPSC has established good cause for a protective order in this regard.
CHSPSC has failed to establish that the trial court exceeded the scope of its discretion in denying its motion for a protective order prohibiting Smith's deposition. The trial court has broad discretion in overseeing discovery and in protecting persons from whom discovery is sought. Its actions in this case are reasonable. This Court is aware that Smith has responsibilities to CHSPSC; however, CHSPSC has not shown good cause for a protective order prohibiting his deposition. Indeed, the trial court has instructed that his deposition be "arrange[d] . . . in such a manner that it will not be unduly burdensome or amount to oppression." Consequently, CHSPSC has failed to establish a clear legal right to a writ of mandamus. *Page 20 
 Conclusion
CHSPSC has failed to establish a clear legal right to a protective order prohibiting Smith's deposition; therefore, CHSPSC's petition for a writ of mandamus is denied.
PETITION DENIED.
Cobb, C.J., and Parker, Shaw, and Wise, JJ., concur.
[1] The selected site in the City of Irondale was along I-459 and was owned by the State of Alabama. *Page 1