322 So.2d 706

**James L. COOPER**

**v.**

**Joe H. ADAMS.**

**SC 1309.**

Supreme Court of Alabama.

Nov. 6, 1975.

H. Evins Hamm, Huntsville, for appellant.

David E. Worley, Huntsville, for appellee.

MERRILL, Justice.

This appeal is from a summary judgment in favor of plaintiff in a statutory quiet title action, Tit. 7, § 1109, Code 1940. The judgment must be reversed.

Plaintiff, Joe H. Adams, initially filed an action in the nature of ejectment against the then defendant, Jack Cantrell. His complaint stated that he "sues to re-

cover possession of the following tract of land" (describing it as containing approximately 0.87 of an acre). Cantrell demanded an abstract pursuant to Tit. 7, § 940, and filed a demurrer to the complaint on May 3, 1973. (This was prior to the effective date of ARCP, July 3, 1973.) On May 28, 1974, Cantrell informed the court that he had conveyed the property to James L. Cooper and moved that Cooper be substituted as defendant. The motion was granted.

On June 10, 1974, Cooper moved for a summary judgment and Adams countered by dismissing his ejectment count and he amended by adding the statutory bill to quiet title. An order granting the motion was rendered September 26, 1974.

The next action shown by the record was a second motion by defendant Cooper for summary judgment. Cooper attached an affidavit of his father, James K. Cooper. The father stated that he purchased the property for his son from one A. E. Speed in 1960, that his son went into possession and rented a tin building, which Speed had built on the property, to various tenants until his son sold the property to Jack Cantrell in 1971; that Cantrell went into possession until he sold the property back to Cooper's son on August 10, 1973; that during Cantrell's ownership, Cantrell "improved the tin building and made it into a 3 room house and garage and made it his residence. After buying said property back from Jack Cantrell, I immediately went back into possession of said property on behalf of my son and I have been in continuous possession of same since then to the present time, renting same to various tenants on behalf of my son."

This was *all* and the *only* testimony in the record as to possession.

The next action shown in the record is the judgment of the trial court. Even though defendant Cooper made the motion for summary judgment, the judgment was entered for the plaintiff Adams. It is dated March 25, 1975 and reads:

"This cause coming on to be heard on the motion for summary judgment, argument of counsel, various exhibits, and affidavits by various parties, and the Court having heard and considered same is of the opinion that the Plaintiff is the owner in fee simple of the property described in the Bill of Complaint.

"In accordance with the motions heretofore filed, the Plaintiff is the owner of the land described herein in fee simple."

■ Under a bill to quiet title pursuant to the statute, Tit. 7, § 1109, Code 1940, "the complainant must have the quiet and peaceable possession, actual or constructive, as distinguished from a contested, scrambling or disputed possession." *Motley v. Crumpton*, 265 Ala. 565, 93 So.2d 413; *Ford v. Washington*, 288 Ala. 194, 259 So.2d 226. The last case quotes from our opinion on rehearing in *Chestang v. Tensaw Land & Timber Co.*, 273 Ala. 8, 16, 134 So.2d 159, 166, as follows:

" ' * * * that jurisdiction of a statutory procedure is invoked by the allegations, not the proof.

* * * * * *

" 'At trial, the burden is on complainant to prove his allegations. If he cannot, he fails to recover and his suit cannot be maintained. But that does not mean that the equity court suddenly lost jurisdiction to proceed any further. * * *' "

Here, the complaint alleged the jurisdictional allegation of peaceable possession in paragraph 3 of the complaint, but he offered no proof and made no move from the date of the filing of defendant's affidavit on Jan. 23, 1975 to the entering of the decree on March 25, 1975 to dispute the proof of peaceable possession by defendant.

A paragraph in *Palmer v. Rucker*, 289 Ala. 496, 268 So.2d 773, is applicable here:

"There is undisputed testimony sufficient to show actual possession by the appellants at the time that suit was instituted."

 Since the plaintiff did not meet the burden of proving his allegations, there was no proof to support the judgment of the court and it must be reversed.

 In brief on appeal, counsel for Adams includes an abstract as an exhibit, but the abstract is not in the record before us; and shortly before oral argument, an affidavit of the trial court was filed and that this exhibit "was both read and considered by me in the decision of this case."

These matters, being dehors the record, cannot be considered. The case of *Coleman v. Estes*, 281 Ala. 234, 201 So.2d 391, states two applicable rules:

 (1) Argument in brief reciting matters not disclosed by the record cannot be considered on appeal.

 (2) The record cannot be impeached on appeal by statements in brief, by affidavits, or by other evidence not appearing in the record.

 This court is remitted to a consideration of the record alone and absolute truth must be imputed to it. If it is incomplete or incorrect, amendment or correction must be sought by appropriate proceedings rather than by impeachment on the hearing in the appellate court. The record cannot be changed, altered or varied on appeal by statements in briefs of counsel, nor by affidavits or other evidence not appearing in the record. *Evans v. Avery*, 272 Ala. 230, 130 So.2d 373; *Blanton v. Blanton*, 276 Ala. 681, 166 So.2d 409.

It is only fair to state that counsel on appeal was different from counsel in the trial court.

Reversed and remanded.

HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.