Dillard Department Stores, Inc. ("Dillard"), a defendant in an action pending in the Houston Circuit Court, petitions for a writ of mandamus directing Judge Jerry White to vacate his order requiring Dillard to comply with the plaintiffs' discovery requests, which Dillard argues are overbroad and irrelevant to the claims presented. For the reasons discussed below, we grant the petition. *Page 1136 
On November 19, 2000, Carrie Hardrick and Tina Irwin, while shopping at a Dillard department store in Dothan, were detained by an off-duty Dothan police officer employed by Dillard as a security officer because the officer thought they were shoplifting. No merchandise was found on their persons, and they were immediately released. Thereafter, Hardrick and Irwin sued Dillard and the City of Dothan Police Department, alleging false imprisonment, intentional infliction of emotional distress, and assault. The Dothan Police Department was subsequently dismissed as a party, leaving Dillard as the sole defendant.
On August 21, 2002, Hardrick and Irwin requested that Dillard, pursuant to Rule 34, Ala. R. Civ. P, produce documents in connection with a deposition. Dillard did not object within 30 days. The deposition was continued by agreement of the parties. However, on September 11, 2002, Hardrick and Irwin refiled an identical request for production. Dillard timely filed answers and objections to the September 11 request. Hardrick and Irwin then filed a motion to compel the production of the requested documents, which the trial court granted on October 21, 2002, without holding a hearing. At Dillard's request, the trial court immediately set aside its order. On March 24, 2003, after a hearing at which Dillard argued its objections to the motion to compel, the trial court reinstated the order compelling discovery. Although in its order the trial court specifically referred to the request for production filed on August 21, 2002, rather than the identical request of September 11, 2002, the reference to the August 21 request did not bar the filing of or any response to the September 11 request. The second request for production, even though identical to the first, was an independent discovery request entitled to its own response. Dillard's response within 30 days of the September 11, 2002, request for discovery was timely. Dillard promptly filed motions to reconsider both the trial court's October 21, 2002, order and its March 24, 2003, order compelling production of the documents. Thus, before petitioning this Court, Dillard gave the trial court ample opportunity to address any error.
We decline Hardrick and Irwin's request that we look solely to Dillard's failure to respond to the first request and ignore the timely response to the second request. Rule 34, Ala. R. Civ. P., does not specifically provide that a failure to respond within the time provided will result in a waiver of any objections. Rule 34 refers to a motion under Rule 37(a) as the remedy for a failure to respond. Under Rule 37(d), the failure of a party to respond to a request for production authorizes the trial court to enter such orders as are "just," including the orders authorized under Rule 37(b)(2)(A)-(C) providing for establishing facts, disallowing claims or defenses, and striking pleadings. The trial court invoked none of those specifically described remedies, which would not have been appropriate for the occasion. Even if we were to confine our review to Dillard's failure to respond to the initial request for production, in order to sustain the trial court's discovery order we would have to conclude that the trial court's order requiring production was "just." However, it is not necessary to reach this question.
Mandamus is an extraordinary remedy and will be granted only when there is "(1) a clear legal right in the petitioner to the order sought, (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991). In Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810 (Ala. *Page 1137 
2003), this Court announced that it would no longer review discovery orders pursuant to extraordinary writs. However, we did identify four circumstances in which a discovery order may be reviewed by a petition for a writ of mandamus. Such circumstances arise (a) when a privilege is disregarded, see Ex parte MiltopeCorp., 823 So.2d 640, 644-45 (Ala. 2001); (b) when a discovery order compels the production of patently irrelevant or duplicative documents the production of which clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit received by the requesting party, see, e.g., Ex parte Compass Bank, 686 So.2d 1135, 1138 (Ala. 1996); (c) when the trial court either imposes sanctions effectively precluding a decision on the merits or denies discovery going to a party's entire action or defense so that, in either event, the outcome of the case has been all but determined and the petitioner would be merely going through the motions of a trial to obtain an appeal; or (d) when the trial court impermissibly prevents the petitioner from making a record on the discovery issue so that an appellate court cannot review the effect of the trial court's alleged error. The burden rests on the petitioner to demonstrate that its petition presents such an exceptional case — that is, one in which an appeal is not an adequate remedy. See Ex parte Consolidated Publ'g Co., 601 So.2d 423, 426 (Ala. 1992). Dillard argues that the trial court's order compelling the production of documents fell within one of the exceptions recognized in Ocwen Federal Bank and that an appeal would not afford it a full and adequate remedy. Dillard specifically argues that Hardrick and Irwin's request for production was unduly burdensome and the documents requested patently irrelevant, so as to clearly constitute harassment or impose a burden on Dillard far out of proportion to any benefit Hardrick and Irwin would obtain from the production. Hardrick and Irwin make no attempt to defend the trial court's discovery order on its merits, choosing only to resist on the basis of procedural default.
Although this Court stated in Ocwen Federal Bank that a "`general statement of inconvenience' does not provide the court with a sufficient basis for finding that a discovery request is oppressive or burdensome," 872 So.2d at 815, Dillard provided the trial court with more than just a mere statement of inconvenience. Dillard informed the trial court that Hardrick and Irwin were seeking documents regarding (1) all actions filed against Dillard; (2) all claims that did not result in actions being filed; (3) all complaints and charges made by customers and noncustomers regarding mistreatment by employees of Dillard; (4) all customer complaints regarding the mistreatment of employees of Dillard by other employees; and (5) all records regarding current and former employees who had been accused of injuring, accusing, or detaining customers or other employees. Dillard showed that there are more than 100 Dillard department stores throughout the United States from which Hardrick and Irwin are requesting documents and that the documents they are requesting are irrelevant to this case. Even though Dillard argues that the national survey of claims and complaints filed against it was irrelevant to the issues presented, was unlikely to lead to the discovery of admissible evidence, and was impossible to gather because of the enormous number of documents represented by these requests, Hardrick and Irwin, as previously noted, make no attempt to show what benefits they could possibly derive from the production of these documents. *Page 1138 
In Ex parte Compass Bank, 686 So.2d 1135 (Ala. 1996), the plaintiff sought discovery of every Compass Bank customer file involving a variable annuity. Compass Bank objected on the grounds that compliance with such a request would require production of at least 21,246 customer files and would involve the review of files on 35,000 transactions unrelated to the plaintiff's claim. This Court overruled the trial court's order compelling production of the documents. Id. at 1138. In Exparte Mobile Fixture Equipment Co., 630 So.2d 358 (Ala. 1993), this Court held that the trial court was within its discretion in denying, as overbroad, a security service's request for production of information concerning investigations, management reviews, and field audits of all employees and all customers.Id. at 360. The requested discovery would have required the review of 5,400 files and would have required the defendant to reveal the names, addresses, and telephone numbers of its customers. Hardrick and Irwin's discovery request in the present case are just as oppressive and burdensome as the discovery requests in both Compass Bank and Mobile Fixture. We conclude, therefore, that the burden imposed on Dillard by the discovery order is far out of proportion to any benefit Hardrick and Irwin would obtain from the information requested.
The trial court exceeded its discretion in overruling Dillard's objections. Dillard has shown a right to the relief it seeks; thus, we grant Dillard's petition for the writ of mandamus and direct the trial court to vacate its March 24, 2003, order compelling Dillard to comply with Hardrick and Irwin's discovery request. The scope of any future request should be restricted to occurrences similar to the matters made the basis of this action. We leave for the trial court the question whether discovery should be limited to Dillard stores in Alabama or to the Dothan store.
PETITION GRANTED; WRIT ISSUED.
HOUSTON, SEE, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., concurs in the rationale in part and concurs in the result.