Edmund M. "Ted" Sexton, the sheriff of Tuscaloosa County, petitions this Court for a writ of mandamus ordering the Jefferson Circuit Court, Bessemer Division, to set aside an order compelling Sheriff Sexton to release to Chad Edward Cole, a defendant in a civil action pending in that court, Sheriff Sexton's complete file in a criminal case instituted in Tuscaloosa County styled State v. Chad Cole and carrying the docket number CC-02-99. Sheriff Sexton was specifically required to produce "all records, statements, photographs, videos, notes, correspondence, [and] memos" relating to that criminal action, in which Cole is the defendant. The plaintiff in the Jefferson County civil action, Rhonda Samsal, also requested discovery from Sheriff Sexton of those same materials and has filed responsive pleadings, consistent with those filed by Cole, with this Court urging us to deny Sheriff Sexton's petition.
From the scant materials before us it appears that the criminal action in Tuscaloosa County involved a shooting in which Cole was alleged to be the aggressor and *Page 1252 
Darren Scott Daniel, Jr., the minor child of the plaintiff Rhonda Samsal, the victim. The Jefferson County civil action seeks damages as a result of that incident. Sheriff Sexton is a not a party to the Jefferson County civil action.
Sheriff Sexton, before the trial court and in argument to this Court, asserts a statutory privilege afforded by Ala. Code 1975, §12-21-3.1. We note at the outset that the privilege established in that Code section is not absolute and that the exceptions set forth in that statute are dispositive of this petition. Of particular relevance to our consideration of this matter are §12-21-3.1(a) and § 12-21-3.1(c), which state as follows:
 "(a) Neither law enforcement investigative reports nor the testimony of a law enforcement officer may be subject to a civil or administrative subpoena except as provided in subsection (c).
". . . .
 "(c) Under no circumstances may a party to a civil or administrative proceeding discover material which is not authorized discoverable by a defendant in a criminal matter. Noncriminal parties may upon proper motion and order from a court of record: Secure photographs, documents and tangible evidence for examination and copying only by order of a court imposing such conditions and qualifications as may be necessary to protect a chain of custody of evidence; or protect the prosecutors', law enforcement officers', or investigators' work product; or to prevent the loss or destruction of documents, objects, or evidence. Such discovery order may be issued by a court of record upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources."
(Emphasis added.)
We further note that Cole, in pleadings before the trial court, sought application of this exception and also effectively abandoned his request for "all records" by discussing a particular need to obtain crime-scene photographs that, he says, were unavailable from any other source. Cole also noted that the investigator for the Tuscaloosa Sheriff's Office who took those photographs had agreed to testify and needed those photographs for his testimony. Cole's pleadings established that the photographs of the scene taken by the sheriff's investigator were unique, having been taken contemporaneously with the initial investigation of the incident that formed the basis of the civil action; that similar photographs could not be obtained from any other source or by any other means; and that the absence of those photographs at the trial of the civil action would impose an undue hardship on the litigants. By making this showing of undue hardship and unavailability, Cole satisfied the requirements of the statute.
Cole, the defendant in both actions, effectively waived any objection he might have to the production of the photographs by actively seeking their production.
We cannot say, on the record before us, that the trial court exceeded the discretion afforded to it by § 12-21-3.1(c), but given the willingness of the parties seeking production to limit their previous broad requests to a specific set of photographs, we conclude that the trial court's order exceeded the scope of the request before it, as modified during the proceedings. In accordance with this conclusion, we grant Sheriff Sexton's petition insofar as it seeks to avoid the production of his entire investigative file, but we deny the petition as to the production of the crime-scene photographs, *Page 1253 
which are discoverable under § 12-21-3.1(c), and we direct the trial court to enter an order consistent with this opinion.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.