LYONS, Justice.
 

 Guaranty Pest Control, Inc. (“Guaranty”), has filed a petition for a writ of mandamus requesting that this Court direct the Jefferson Circuit Court to vacate its orders granting a motion to compel filed by A. Vincent Brown, Jr., and denying Guaranty’s motion for a protective order. We grant the petition in part, deny it in part, and issue the writ.
 

 I.
 
 Factual Background and Procedural History
 

 Brown sued Guaranty on May 4, 2006, alleging that Brown owned an office building (“the office”) that Guaranty had inspected for possible infestation of wood-destroying organisms (“WDO”), including termites. The complaint
 
 [1]
 
 also alleged that Guaranty had treated the office to prevent infestation by WDOs but that the office had been infested and had suffered extensive damage. Brown, among other things, asserted a claim of fraud with respect to Guaranty’s inspection and treatment of the office.
 

 With his complaint, Brown served Guaranty with discovery requests, including the following requests for production of documents, pursuant to Rule 34, Ala. R. Civ. P.:
 

 “13. For each date on which the [office] received treatment for termites from [Guaranty], please produce the customer file for each of [Guaranty’s] customers who received a treatment for termites during the same week which was performed by the same person.
 

 [[Image here]]
 

 “20. For each date on which the [office] received an annual renewal inspection from [Guaranty], please produce the customer file for each of [Guaranty’s] customers who received an annual renewal inspection during the same week, performed by the same inspector.
 

 “21. For each date on which the [office] received an inspection for the purpose of completing an Official Alabama Wood Infestation Inspection Report from [Guaranty], please produce the cus
 
 *1225
 
 tomer file for each of [Guaranty’s] customers who received such an inspection during the same week from the same inspector.
 

 [[Image here]]
 

 “27. Please produce all documents relating to all properties placed under WDO contracts during the month that the [office] was originally placed under contract with [Guaranty] (January 1991), the month that [Brown] became a party to a termite contract with [Guaranty] (October 1995), and each property placed under contract in the month immediately preceding and immediately following those months (November 1990, February 1991, September 1995 and November 1995).”
 

 Guaranty objected to requests 13, 20, 21, and 27 (“the requests”) on the grounds that they were overly broad and unduly burdensome.
 

 Eventually, on October 10, 2008, Brown moved to compel responses to the requests. Guaranty responded to Brown’s motion, arguing primarily that the requests were unduly burdensome. Guaranty relied on an affidavit of its vice president, who stated that responding to the requests would require a manual review of some 20,000 to 25,000 files. Guaranty estimated that the cost of responding to the requests would be approximately $16,000. The trial court granted Brown’s motion to compel on October 22, 2008. On October 31, 2008, Guaranty moved for a protective order.
 
 [2]
 

 The trial court held a hearing on Guaranty’s motion for a protective order on November 18, 2008. That hearing was not transcribed. On the same day, the trial court rendered the following order by handwritten notation on the trial court’s docket sheet: “[Brown] is entitled to customer files at the time of the original treatment and 3 months before and after and at the time [Brown] took over the [office] and 3 months before and after.” See Rule 58(a), Ala. R. Civ. P. It is unclear whether this order was ever entered pursuant to Rule 58(c), Ala. R. Civ. P., which prescribes the requirements for the entry of an order. On December 22, 2008, the trial court entered an order denying Guaranty’s motion for a protective order. The December 22, 2008, order did not include any findings similar to those in its November 18, 2008, order. Guaranty subsequently petitioned this Court for a writ of mandamus directing the trial court to vacate its November 18, 2008, and December 22, 2008, orders.
 

 II.
 
 Standard of Review
 

 “A writ of mandamus will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’
 
 Ex parte United Serv. Stations, Inc.,
 
 628 So.2d 501, 503 (Ala.1993).”
 

 Ex parte Horton Homes, Inc.,
 
 774 So.2d 536, 539 (Ala.2000). Regarding discovery matters specifically, this Court has stated:
 

 “Discovery matters are within the trial court’s sound discretion, and this Court will not reverse a trial court’s ruling on a discovery issue unless the trial court has clearly exceeded its discretion.
 
 Home Ins. Co. v. Rice,
 
 585
 
 *1226
 
 So.2d 859, 862 (Ala.1991). Accordingly, mandamus will issue to reverse a trial court’s ruling on a discovery issue only (1) where there is a showing that the trial court clearly exceeded its discretion, and (2) where the aggrieved party does not have an adequate remedy by ordinary appeal. The petitioner has an affirmative burden to prove the existence of each of these conditions.
 

 “Generally, an appeal of a discovery order is an adequate remedy, notwithstanding the fact that that procedure may delay an appellate court’s review of a petitioner’s grievance or impose on the petitioner additional expense; our judicial system cannot afford immediate mandamus review of every discovery order.”
 

 Ex parte Ocwen Federal Bank, FSB,
 
 872 So.2d 810, 813 (Ala.2003) (footnote omitted). In
 
 Ocwen,
 
 this Court identified “four circumstances in which a discovery order may be reviewed by a petition for a writ of mandamus.”
 
 Ex parte Dillard Dep’t Stores, Inc.,
 
 879 So.2d 1134, 1137 (Ala.2003)(citing
 
 Ocwen).
 
 Those circumstances include:
 

 “(a) [Wjhen a privilege is disregarded, see
 
 Ex parte Miltope Corp.,
 
 823 So.2d 640, 644-45 (Ala.2001); (b) when a discovery order compels the production of patently irrelevant or duplicative documents the production of which clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit received by the requesting party, see, e.g.,
 
 Ex parte Compass Bank,
 
 686 So.2d 1135, 1138 (Ala.1996); (c) when the trial court either imposes sanctions effectively precluding a decision on the merits or denies discovery going to a party’s entire action or defense so that, in either event, the outcome of the case has been all but determined and the petitioner would be merely going through the motions of a trial to obtain an appeal; or (d) when the trial court impermissibly prevents the petitioner from making a record on the discovery issue so that an appellate court cannot review the effect of the trial court’s alleged error. The burden rests on the petitioner to demonstrate that its petition presents such an exceptional case — that is, one in which an appeal is not an adequate remedy. See
 
 Ex parte Consolidated Publ’g Co.,
 
 601 So.2d 423, 426 (Ala.1992).”
 

 Dillard,
 
 879 So.2d at 1137.
 

 III.
 
 Analysis
 

 Guaranty argues in its petition that the trial court erred in denying its motion for a protective order as to the requests as they were written. Guaranty contends that each of the requests was unduly burdensome. Guaranty therefore argues that its petition falls within the second circumstance identified by
 
 Ocwen
 
 and
 
 Dillard,
 
 supra, in which this Court may review a discovery order by a petition for a writ of mandamus where the discovery requested “imposes a burden on the producing party far out of proportion to any benefit received by the requesting party.”
 
 Dillard,
 
 879 So.2d at 1137. In its petition, Guaranty relies, as it did before the trial court,
 
 on
 
 the affidavit of its vice president.
 

 Although the trial court’s December 22, 2008, order denied Guaranty’s motion for a protective order in its entirety, Brown contends in his answer to the petition that the trial court in fact granted Guaranty’s motion with respect to requests 13, 20, and 21. Accordingly, Brown argues that the issues Guaranty raises in its petition relative to requests 13, 20, and 21 are moot; Brown consequently does not respond substantively to Guaranty’s petition regarding those requests. Regarding request 27, Brown contends that Guaranty
 
 *1227
 
 admitted that that request was not burdensome.
 

 Brown bases his contention regarding requests 13, 20, and 21 on the trial court’s November 18, 2008, order, which is silent as to those requests, and on arguments made by counsel for the parties at the November 18, 2008, hearing. Brown maintains that Guaranty’s admission regarding request 27 also occurred at the November 18, 2008, hearing. To support these assertions, Brown attached to his answer an affidavit from one of his attorneys who attended the hearing. In that affidavit, Brown’s counsel states, among other things:
 

 “In response to questioning by Judge King [at the November 18, 2008, hearing,] Guaranty’s lawyer ... admitted his client could identify and locate customer records by date service was initiated for Vince Brown in 1995 and the prior owner in 1991. However, [Guaranty’s counsel] stated that Guaranty could not easily identify information responsive to [requests 13, 20, and 21],... [In the November 18, 2008, order,] Judge King essentially ruled for Guaranty on the two items that [Guaranty’s counsel] said presented difficulty and ruled for the plaintiff on the issue that [Guaranty’s counsel] conceded did not present difficulty.”
 

 Without citing authority, Guaranty has moved to strike the affidavit on the ground that it is inadmissible hearsay. Guaranty also argues that the affidavit improperly attempts to represent “unrecorded procedural matters” and to alter the “record” before this Court. Guaranty cites
 
 Cooper v. Adams,
 
 295 Ala. 58, 61, 322 So.2d 706, 708 (1975)(stating regarding an exhibit to a brief in an appeal from a summary judgment: “The record cannot be changed, altered or varied on appeal by statements in briefs of counsel, nor by affidavits or other evidence not appearing in the record.”). Guaranty does not deny the substantive assertions of the affidavit, in either its motion to strike the affidavit or its reply to Brown’s answer. Nor does Guaranty offer conflicting evidence.
 

 Rule 21(a)(1)(B), Ala. R.App. P., provides that the petitioner is to provide this Court with a “statement of the facts necessary to an understanding of the issues presented by the petition.” This Court has explained the role of the parties in assembling the materials to be reviewed in a mandamus proceeding as follows:
 

 “The materials reviewed by this Court in considering a petition for writ of mandamus consist of exhibits provided by the parties:
 

 “ ‘[A] petitioner for a writ of mandamus is obliged to provide with the petition “copies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition.” Rule 21(a), Ala. R.App. P. In the event the petition is not denied, the respondent is directed to file an answer to the petition, which provides the respondent with an “opportunity to supplement the ‘record’ by attaching exhibits of its own....’”
 

 “Ex parte Fontaine Trailer Co.,
 
 854 So.2d 71, 74 (Ala.2003) (quoting
 
 Ex parte Miltope Corp.,
 
 522 So.2d 272, 273 (Ala.1988)).”
 

 Ex parte Covington Pike Dodge, Inc.,
 
 904 So.2d 226, 232 n. 2 (Ala.2004). Regarding the facts and materials submitted by the respondent in answer to the petition, this Court has stated: “ ‘In passing upon the petition for mandamus, the return or answer of respondent, unless controverted, is to be taken as true.’ ”
 
 King v. Smith,
 
 288 Ala. 215, 219, 259 So.2d 244, 248 (1972) (quoting
 
 Ex parte Adams,
 
 216 Ala. 353, 355, 113 So. 513, 515 (1927)). See also
 
 Ex
 
 
 *1228
 

 parte State ex reí. Atlas Auto Fin. Co.,
 
 251 Ala. 665, 668, 38 So.2d 560, 562 (1949).
 

 When this Court considers a petition for a writ of mandamus, the only materials before it are the petition and the answer and any attachments to those documents. There is no traditional “record” submitted to this Court by the trial court clerk as in an appeal. This Court’s statement in
 
 Cooper,
 
 supra, that the “record cannot be changed, altered or varied on appeal by statements in briefs of counsel, nor by affidavits or other evidence not appearing in the record,” related to materials attached to an appellee’s brief that were “dehors the record” prepared by the trial court clerk in a proceeding reaching this Court on direct appeal. 295 Ala. at 61, 322 So.2d at 708. Contrary to Guaranty’s assertion, this Court’s statements in
 
 Cooper
 
 do not refer to materials submitted by a respondent in answer to a petition for a writ of mandamus. Pursuant to
 
 Covington Pike Dodge,
 
 supra, it was within Brown’s province, as the respondent to Guaranty’s petition, to supplement the “record” before us with exhibits of his own. 904 So.2d at 232 n. 2. Guaranty challenged the affidavit procedurally as hearsay; however, Guaranty did not support its arguments with citations to authority as required by the Alabama Rules of Appellate Procedure. See Rule 21(a)(1)(D) and Rule 28(a)(10), Ala. R.App. P. “[I]t is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on un-delineated general propositions not supported by sufficient authority or argument.”
 
 Dykes v. Lane Trucking, Inc.,
 
 652 So.2d 248, 251 (Ala.1994). Accordingly, we deny Guaranty’s motion to strike on this basis. Furthermore, the statements of Guaranty’s counsel appear to fall within the hearsay exclusions of Rule 801(d)(2)(A) and (C), Ala. R. Evid.,
 
 [3]
 
 and Guaranty has not offered any argument or authority showing otherwise. Moreover, we have previously considered affidavits submitted in response to a petition for mandamus from trial judges describing the proceedings below. See, e.g.,
 
 Ex parte Benford,
 
 935 So.2d 421, 423 (Ala.2006), and
 
 Ex parte S & Davis Inti, Inc.,
 
 798 So.2d 677, 679 (Ala.2001). Also, we are not here confronted with an attempt to bring to this Court matters not considered by the trial court, as the affidavit of counsel purports to describe proceedings before the trial court. Compare
 
 Ex parte Flowers,
 
 991 So.2d 218, 225 (Ala.2008) (“ ‘In determining whether the trial court [exceeded] its discretion, this [C]ourt is bound by the record and cannot consider a statement or evidence in brief that was not before the trial court.’ ” (quoting
 
 Ex parte Baker,
 
 459 So.2d 873, 876 (Ala.1984))).
 

 As the petitioner, Guaranty is obliged to advise this Court of all the “facts necessary to an understanding of the issues presented by the petition,” Rule 21(a)(1)(B), Ala. R.App. P., and to show “a clear legal right ... to the order sought.”
 
 Horton Homes,
 
 774 So.2d at 539 (quoting
 
 Ex parte United Serv. Stations, Inc.,
 
 628 So.2d 501, 503 (Ala.1993)). Furthermore, the burden is on Guaranty to show that, in compelling discovery and denying its motion for a protective order, the trial court exceeded its discretion.
 
 Ocwen Federal Bank,
 
 872 So.2d at 813. As noted
 
 above,'
 
 Guaranty did not deny the substantive assertions of the affidavit Brown submitted
 
 *1229
 
 or offer conflicting evidence. Accordingly, as to its substance, the affidavit is not “controverted, [and] is to be taken as true.”
 
 King,
 
 288 Ala. at 219, 259 So.2d at 248.
 

 Based upon Brown’s concession regarding his right to production pursuant to requests 13, 20, and 21 on the basis of (a) the silence of the trial court’s order of November 18, 2008, as to those requests and (b) on his affidavit describing proceedings in the trial court, we deny the petition as to requests 13, 20, and 21 because we cannot recognize that Guaranty has a clear legal right to the issuance of the writ of mandamus to address a moot issue.
 

 With regal’d to Guaranty’s claim of undue burden as to request 27, we are again confronted with the uncontroverted evidence of a concession that “Guaranty’s lawyer ... admitted his client could identify and locate customer records by date service was initiated for Vince Brown in 1995 and the prior owner in 1991.” Request 27 calls for
 

 “all documents relating to all properties placed under WDO contracts during the month that the [office] was originally placed under contract with [Guaranty] (January 1991), the month that [Brown] became a party to a termite contract with [Guaranty] (October 1995), and each property placed under contract in the month immediately preceding and immediately following those months (November 1990, February 1991, September 1995 and November 1995).”
 

 Based upon the foregoing, we conclude that Guaranty has failed to establish a clear legal right to the issuance of the writ based on undue burden and hardship.
 

 Guaranty also argues that the trial court exceeded its discretion by ordering more discovery than Brown requested. Guaranty argues that the trial court’s November 18, 2008, order required Guaranty to produce records for the six-month period surrounding Guaranty’s original inspection and contract regarding the office and for the six-month period surrounding Brown’s acquisition of the office. However, request 27 sought only records for the three-month periods surrounding those dates. Guaranty argues that a party may be compelled to produce only those documents that have been requested. It cites Rule 37(a)(2), Ala. R. Civ. P., which provides, in part: “[I]f a party in a response to a request for production or inspection submitted under Rule 34[ ] fails to respond that production or inspection will be permitted as requested or fails to produce or permit inspection as requested, ... the discovering party may move for an order ... compelling production or inspection .... ”
 

 In his answer to the petition, Brown concedes the error of the November 18, 2008, order. Accordingly, it is undisputed that the trial court compelled Guaranty to produce documents that Brown had not requested, specifically, documents covering a time period twice the time period for which Brown had requested documents. Although it is unclear whether the trial court’s November 18, 2008, order was entered pursuant to Rule 58(c), Ala. R. Civ. P., the parties agree that they are bound by it. Because this issue is presented in tandem with an issue whether production of the material sought in request 27 would be unduly burdensome clearly within the scope of the
 
 Ocwen
 
 factors and as to which we have, on the one hand, no evidence of a concession that production would not be unduly burdensome and, on the other, Brown’s concession that the order exceeds the scope of his request, we address it. We agree that the trial court exceeded its discretion to the extent that the trial court ordered the production of more documents than Brown requested and that Guaranty does not have an adequate remedy by appeal. See, e.g.,
 
 Ex parte Sexton,
 
 904 So.2d 1251,1252 (Ala.2004)(granting a petition for a writ of
 
 *1230
 
 mandamus in part where, “given the willingness of the parties seeking production to limit their previous broad requests to a specific set of photographs, [this Court] conclude[d] that the trial court’s order exceeded the scope of the request before it”).
 

 IV.
 
 Conclusion
 

 Based on the foregoing, we conclude that Guaranty has satisfied its burden with respect to that part of its petition challenging the trial court’s November 18, 2008, order insofar as it requires Guaranty to produce more documents than Brown requested, but not as to the remainder of its petition. Accordingly, we grant Guaranty’s petition for a writ of mandamus to the extent that the trial court ordered the production of more documents than were requested, and we direct the trial court to vacate its November 18, 2008, and December 22, 2008, orders and to enter an order consistent with this opinion. In all other respects, we deny Guaranty’s petition for a writ of mandamus.
 

 MOTION TO STRIKE DENIED; PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
 

 COBB, C.J., and WOODALL, SMITH, PARKER, and SHAW, JJ., concur.
 

 [1]
 

 . Guaranty did not attach a copy of the complaint to its petition for a writ of mandamus. However, Brown attached a copy of the complaint to his answer to the petition. Accordingly, the complaint is properly before this Court for consideration. See
 
 Ex parte Coving-ton Pike Dodge, Inc.,
 
 904 So.2d 226, 232 n. 2 (Ala.2004)(quoting
 
 Ex parte Fontaine Trailer Co.,
 
 854 So.2d 71, 74 (Ala.2003), and
 
 Ex parte Miltope Corp.,
 
 522 So.2d 272, 273 (Ala. 1988)).
 

 [2]
 

 . See, e.g.,
 
 Ex parte Horton Homes, Inc.,
 
 774 So.2d 536, 540 (Ala.2000)(''[A] party dissatisfied with the trial court’s ruling on a motion to compel discovery must first make a timely motion for a protective order, so as to create a record to support the essential allegation that the petitioner has no other adequate remedy.” (citing
 
 Ex parte Reynolds Metals Co.,
 
 710 So.2d 897 (Ala. 1998)))’
 

 [3]
 

 . Rule 801(d) provides, in part:
 

 "A statement is not hearsay if—
 

 [[Image here]]
 

 "(2) Admission by Party Opponent. The statement is offered against a party and is
 

 (A) the party's own statement in either an individual or a representative capacity or ... (C) a statement by a person authorized by the party to make a statement concerning the subject .... ”