PER CURIAM.
Amy Bishop Anderson petitions this Court for a writ of mandamus directing the Madison Circuit Court to compel the Office of Indigent Defense Services and the Comptroller’s Office within the Department of Finance to comply with the circuit court’s orders and disburse interim payments of fees to Bishop’s retained experts. We deny the petition.
I. Factual Background and Procedural History
Anderson was indicted on charges of capital murder and attempted murder after she shot several of her colleagues during a biology-department faculty meeting at the University of Alabama in Huntsville on February 2, 2010. Anderson’s defense counsel have served notice that they intend to argue that Anderson is not guilty by reason of mental disease or defect.
On May 23, 2011, the circuit court entered an order granting defense counsel’s ex parte motion for extraordinary expenses. The circuit court authorized defense counsel to retain the services of a neuropsychiatrist, Dr. James Merikangas, as an expert who would evaluate Anderson and ordered the comptroller to make immediate payment to cover Dr. Merikan-gas’s retainer. According to Anderson, Dr. Merikangas began working on the case with a reasonable expectation of being paid at a later date. No payment was made by the comptroller in response to the circuit court’s order. However, on July 11, 2011, defense counsel received a letter from the comptroller that stated:
“I’ve reviewed the court order for interim payment of expenses in the above matter and, while the State Comptroller takes court orders quite seriously, we are bound by existing statutes and rules when authorizing expenditures from the Fair Trial Tax Fund. Alabama law does not permit prepayment or interim payment to members of the defense team or to experts. The Code of Alabama [1975], § 15-12-21(e) states, in pertinent part, ‘Preapproved expert fees shall be billed at the time the court is notified that all work by the expert has been completed, and shall be paid forthwith. Once an expert has been paid for services on a particular case, that expert shall not be allowed to receive further payment on the case.’ In order to seek payment of expert fees, the expert must have fully concluded his or her work in the case. There is no legal authority for the payment of expert fees before that expert’s work has been completed.
“This code section has been revised effective June 14, 2011, to allow interim payments; however prepayment in the form of a retainer still cannot be made.”[1]
Because Dr. Merikangas’s initial assessment of Anderson was that she suffered from a mental disease and neurological injuries that required further testing, defense counsel filed another ex parte motion seeking extraordinary expenses. On Sep *33 tember 27, 2011, the circuit court again authorized and preapproved extraordinary expenses and ordered interim payment of those expenses. The expenses included the fee for testing at the University of Alabama at Birmingham Hospital (“UAB Hospital”) by Dr. David Clark, a neurologist at UAB Hospital.[2] The order required that Dr. Clark provide defense counsel with an estimate of his fee; that defense counsel submit the fee estimate to the circuit court; and that, upon approval by the circuit court, the comptroller make the interim payment within 15 days.
On December 9, 2011, after the estimate of Dr. Clark’s fee had been approved by the circuit court, defense counsel moved for payment according to the circuit court’s September 27, 2011, order. The circuit court ordered the comptroller to disburse the interim payment to defense counsel within 15 days. In response to the circuit court’s December 9 order, the Office of Indigent Defense Services wrote defense counsel, advising that the interim payment would not be disbursed because there were no procedures in place by which to make such payments.
Anderson attached two ex parte motions entitled “Notice of Inability to Provide Effective Assistance of Counsel” to her petition for a writ of mandamus. In those motions, defense counsel indicated that they were unable to provide effective assistance of counsel because the comptroller had failed to comply with the circuit court’s orders of May 28, September 27, and December 7, 2011, ordering that interim payments be made to Anderson’s experts. Defense counsel sought no relief in those ex parte motions; they merely provided notice that “they [were] presently unable to provide [Anderson] with effective assistance of counsel.”
On January 30, 2012, Anderson filed a petition for a writ of mandamus with the Court of Criminal Appeals and also sought a stay of the proceedings in the circuit court pending the consideration of her mandamus petition by that court. The Court of Criminal appeals denied the petition by an order dated March 8, 2012, because, it stated, Anderson had failed to establish a clear legal right to the relief sought. That court also denied Anderson’s motion to stay.
Anderson subsequently petitioned this Court for a writ of mandamus “compel[ling] named respondents at the Office of Indigent Defense Services and the Comptroller’s Office in the Department of Finance to disburse interim payments as previously ordered by the trial court on May 23, September 27, and December 7, 2011, so that [Anderson] may obtain expert assistance and diagnostic testing essential to her defense.”
II. Standard of Review
“Mandamus is an extraordinary writ and will be issued ‘ “only when there is: (1) a clear legal right in the petitioner to the order sought, (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court.” ’ Ex parte Land, 775 So.2d 847, 850 (Ala.2000) (quoting Ex parte Horton, 711 So.2d 979, 983 (Ala.1998)). When we consider a mandamus petition, the scope of our review is to determine whether the trial court clearly exceeded its discretion. Ex parte Tegner, 682 So.2d 396 (Ala.1996).”
State v. Bui, 888 So.2d 1227, 1229 (Ala.2004).
*34 III. Analysis
Anderson argues in her petition that this Court should direct the circuit court to compel the Office of Indigent Defense Services and the comptroller to disburse payments as ordered by the circuit court on May 23, September 27, and December 7, 2011. In the petition, Anderson claims to “have submitted numerous ex parte motions notifying the trial court of the Department of Finance’s refusal to disburse these court-ordered funds.” Yet, she says, “[t]he trial court has refused to find [the Office of Indigent Defense Services and the comptroller] in contempt of court, or compel the Comptroller of the Office of Indigent [Defense] Services to make these payments.” Anderson also claims that “[t]he trial court has refused to find these officials in contempt or otherwise attempt to remedy these constitutional violations. After filing numerous motions in the trial court, defense are left with no other adequate remedy.”
In this case, the circuit court entered orders on May 23, September 27, and December 7, 2011, ordering that interim payments be made to Anderson’s experts. Anderson, however, has not supported the claims made in the petition that defense counsel filed multiple contempt motions notifying the circuit court of the comptroller’s refusal to disburse the funds and the refusal of the Office of Indigent Defense Services to preapprove the disbursal of the funds and seeking the circuit court’s enforcement of its orders through its contempt powers. Instead, Anderson merely states in her brief that she sought enforcement by filing contempt motions and that the circuit court refused to find the Office of Indigent Defense Services and the comptroller in contempt, but she has provided no attachments to her petition indicating those circumstances. The contempt motions she says she filed are not included in the materials submitted with Anderson’s petition for a writ of mandamus. See, e.g., Ex parte Guaranty Pest Control, Inc., 21 So.3d 1222, 1228 (Ala.2009) (stating that the “ ‘record cannot be changed, altered or varied on appeal by statements in briefs of counsel’ ” (quoting Cooper v. Adams, 295 Ala. 58, 61, 322 So.2d 706, 708 (1975))).
Rule 21(a)(1)(B), Ala. R.App. P., provides that a petitioner for a writ of mandamus is to provide this Court with a “statement of the facts necessary to an understanding of the issues presented by the petition.” We have explained the role of the parties in assembling the materials to be reviewed in a mandamus proceeding as follows:
“ ‘The materials reviewed by this Court in considering a petition for writ of mandamus consist of exhibits provided by the parties:
“ ‘ “[A] petitioner for a writ of mandamus is obliged to provide with the petition ‘copies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition.’ Rule 21(a), Ala. R.App. P. In the event the petition is not denied, the respondent is directed to file an answer to the petition, which provides the respondent with an ‘opportunity to supplement the “record” by attaching exhibits of its own....’”
“ ‘Ex parte Fontaine Trailer Co., 854 So.2d 71, 74 (Ala.2003) (quoting Ex parte Miltope Corp., 522 So.2d 272, 273 (Ala.1988)).’
“Ex parte Covington Pike Dodge, Inc., 904 So.2d 226, 232 n. 2 (Ala.2004)....
“When this Court considers a petition for a writ of mandamus, the only materials before it are the petition and the answer and any attachments to those documents. There is no traditional ‘rec *35 ord’ submitted to this Court by the trial court clerk as in an appeal.”
Ex parte Guaranty Pest Control, Inc., 21 So.3d at 1227-28.
As the petitioner, Anderson is obliged to advise this Court of all the “facts necessary to an understanding of the issues presented by the petition,” Rule 21(a)(1)(B), Ala. R.App. P., and to show “a clear legal right ... to the order sought and an imperative duty upon the respondent to perform, accompanied by a refusal to do so,” none of which have been shown. Here, the circuit court entered the orders directing interim payments for Anderson’s experts. Anderson, however, has not shown that the circuit court has refused to enforce those orders. Based on the foregoing, Anderson has not satisfied her burden of showing a refusal by the circuit court to enforce its orders.
IV. Conclusion
Based on the foregoing, we conclude that Anderson has not satisfied her burden, and we deny the petition.
PETITION DENIED.
MALONE, C.J., and WOODALL, STUART, BOLIN, MURDOCK, MAIN, and WISE, JJ., concur.
PARKER and SHAW, JJ., concur in the result.

. Attachment C to Anderson’s petition for a writ of mandamus is a June 16, 2011, memorandum issued by the comptroller to all judges and lawyers, advising them that revisions to § 15-12-21, Ala.Code 1975, were effective immediately and that changes to the statute included the following:
"Expert fees shall remain reimbursable, if reasonable and approved in advance by the trial court as necessary.
[[Image here]]
“Interim payments for attorney fees and/or expenses may be authorized by the Director of Indigent Defense Services.”

. According to Anderson, UAB Hospital requires payment at the time of service.