MAIN, Justice
(dissenting in case no. 1121330 and concurring in part and dissenting in part in case no. 1121341).
In case no. 1121330, I must respectfully dissent. In case no. 1121341, I concur in part and dissent in part.
I do not believe mandamus relief is proper in the context of most discovery matters. This Court has recognized four circumstances in which a discovery order may be reviewed by a petition for a writ of mandamus. See Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala.2003); see also Ex parte Dillard Dep’t Stores, Inc., 879 So.2d 1134, 1137 (Ala.2003) (citing Ocwen). Those circumstances are:
“ ‘(a) [W]hen a privilege is disregarded, see Ex parte Miltope Corp., 823 So.2d 640, 644-45 (Ala.2001); (b) when a discovery order compels the production of patently irrelevant or duplica-tive documents the production of which clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit received by the requesting party, see, e.g., Ex parte Compass Bank, 686 So.2d 1135, 1138 (Ala.1996); (c) when the trial court either imposes sanctions effectively precluding a decision on the merits or denies discovery going to a party’s entire action or defense so that, in either event, the outcome of the case has been all but determined and the petitioner would be merely going through the motions of a trial to obtain an appeal; or (d) when the trial court impermissibly prevents the petitioner from making a record on the discovery issue so that an appellate court cannot review the effect of the trial court’s alleged error. The burden rests on the petitioner to demonstrate that its petition presents such an exceptional case — that is, one in which an appeal is not an adequate remedy. See Ex parte Consolidated Publ’g Co., 601 So.2d 423, 426 (Ala.1992).’
“Dillard, 879 So.2d at 1137.”
Ex parte Guaranty Pest Control, Inc., 21 So.3d 1222, 1226 (Ala.2009). I am not convinced that Miehelin has adequately alleged that any of these circumstances apply here. Further, I am not persuaded that this Court should expand the discovery categories available for review by mandamus.
*184 Regardless, the cases are few where it can be shown that a trial court “clearly-exceeded it discretion” in the discovery order and that an appeal of the discovery order is not an adequate remedy. See, e.g., Ex parte Ocwen Fed. Bank, supra. Regarding mandamus review of discovery matters, this Court has said:
“ ‘A writ of mandamus will be “issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993).’
“Ex parte Horton Homes, Inc., 774 So.2d 536, 539 (Ala.2000). Regarding discovery matters specifically; this Court has stated:
“ ‘‘Discovery matters are within the trial court’s sound discretion, and this Court will not reverse a trial court’s ruling on a discovery issue unless the trial court has clearly exceeded its discretion. Home Ins. Co. v. Rice, 585 So.2d 859, 862 (Ala.1991). Accordingly, mandamus will issue to reverse a trial court’s ruling on a discovery issue only (1) where there is a showing that the trial court clearly exceeded its discretion, and (2) where the aggrieved party does not have an adequate remedy by ordinary appeal. The petitioner has an affirmative burden to prove the existence of each of these conditions.
“ ‘Generally, an appeal of a discovery order is an adequate remedy, notwithstanding the fact that that procedure may delay an appellate court’s review of a petitioner’s grievance or impose on the petitioner additional expense; our judicial system cannot afford immediate mandamus review of every discovery order.’
“Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 813 (Ala.2003) (footnote omitted).”
Guaranty Pest Control, 21 So.3d at 1225-26.
In case no. 1121330, regarding that portion of the trial court’s order allowing for an on-site inspection of Michelin’s tire-manufacturing facility, I cannot say that Michelin has met the standard of showing that the trial court exceeded its discretion in entering its order giving Brown the right to inspect Michelin’s facility. Likewise, in case no. 1121341, I do not believe that Michelin has shown that the trial court exceeded its discretion in compelling Michelin to answer certain interrogatories and to comply with certain document requests propounded by Brown. Accordingly, I cannot conclude that Michelin has shown a clear legal right to the relief sought in its petitions in case no. 1121330 and case no. 1121341. Thus, I believe Michelin’s petitions for a writ of mandamus should be denied in both cases.
Based on my review of this case, I cannot say that the trial court clearly exceeded its discretion in allowing the on-site inspection of Miehelin’s facility (case. no. 1121330). See, e.g., Ex parte Cooper Tire & Rubber Co., 987 So.2d 1090 (Ala.2007). When you consider the extensive hearing that the trial court conducted and the trial court’s order granting the on-site inspection, which is substantially similar to the order proposed by Michelin’s counsel after the hearing, I do not believe that Michelin has shown a clear legal right to the writ. Instead, I contend that “[tjhis Court itself should be able to restrict the abuse of using petitions for a writ of mandamus in discovery matters by restricting the use of extraordinary writs to extraordinary in *185 stances and by recognizing that an appeal is in almost all cases an adequate remedy.” Ex parte Ocwen Fed. Bank, 872 So.2d at 818. I cannot say that this is one of those extraordinary instances. Further, discovery orders prohibiting any disclosure of alleged trade secrets are a “rarity.” Ex parte Warrior Lighthouse, Inc., 789 So.2d 858, 861 n. 1 (Ala.2001). See Cooper Tire, 987 So.2d at 1097. Accordingly, I cannot say that Michelin has shown a clear legal right to the order it seeks in case no. 1121330. Thus, I would deny Michelin’s petition for a writ of mandamus in case no. 1121330.
Turning to the trial court’s order compelling Michelin to answer certain interrogatories and to comply with certain document requests propounded by Brown (case no. 1121341), I cannot say that the trial court exceeded its discretion by compelling the production of what Michelin asserts are trade secrets. As I mention in my discussion of case no. 1121330, a discovery order forbidding any disclosure of asserted trade secrets is a “rarity.” Warrior Lighthouse; Cooper Tire. Additionally, I do not believe that the trial court’s discovery order regarding certain interrogatories and document requests is so overbroad as to violate Michelin’s privilege relating to its trade secrets. I also cannot say’ that the trial court’s order should be limited to tread separation as the majority opinion concludes. The majority opinion cites Cooper Tire in holding that the writ should issue in part as to certain interrogatories and document requests. I, however, believe Cooper Tire is distinguishable from this case. The complaint in this case is not limited to tread separation. Thus, I cannot say that the trial court exceeded its discretion in its order on certain interrogatories and document requests propounded by Brown.
Because I conclude that the trial court did not exceed its discretion, I would deny Michelin’s petitions for a writ of mandamus in case no. 1121330 and case no. 1121341.