MAIN, Justice.
*1102 Dr. Eyston A. Hunte and Eyston A. Hunte, M.D. P.A. ("EAH"), petition this Court for a writ of mandamus directing the Mobile Circuit Court to vacate its order compelling production of a complaint made to the Alabama Board of Medical Examiners ("the Board") by a former patient of Hunte's. We grant the petition and issue the writ.
I. Facts and Procedural History
On July 21, 2014, Lisa S. Johnson filed this action against Hunte and EAH in the Mobile Circuit Court. In her complaint, Johnson alleged that she had seen Hunte on July 23, 2012, for a routine health exam and that Hunte sexually abused her during his examination. Johnson asserted claims of negligence, wantonness, invasion of privacy, the tort of outrage, negligent infliction of emotion distress, assault, and violation of the Alabama Medical Liability Act, § 6-5-480 et seq. and § 6-5-540 et seq., Ala Code 1975 ("AMLA"), against Hunte and EAH.
Johnson served discovery requests on Hunte and EAH, which included a request to produce "each and every claim or complaint that has been made against [Hunte] by a patient for assault or inappropriate touching." Hunte objected to this request on the ground that this information was protected from discovery.[1] Johnson filed a motion to compel Hunte and EAH to produce the requested documents. Hunte and EAH, in turn, filed a motion for a protective order. Hunte and EAH admitted that Hunte possessed a document responsive to Johnson's request for production-a written complaint submitted to the Board in 2001 by a former patient. They argued, however, that this document was not discoverable because, among other reasons, it was privileged under the provisions of § 34-24-60, Ala. Code 1975. That section provides, in part, that "all information, interviews, reports, statements, or memoranda of any kind furnished to the [Alabama Board of Medical Examiners] or any committee of the board ..., unless presented as evidence at a public hearing, shall be privileged and confidential, ... and shall not be public records nor be available for court subpoena or for discovery proceedings." In support of the motion, EAH and Hunte submitted Hunte's affidavit. Hunte attested that the document was provided to him by the Board during formal proceedings stemming from the 2001 complaint. Hunte further testified that the document had never been published or made publicly available and that there were no public hearings before the Board related to the 2001 complaint. Additionally, Hunte and EAH submitted the document under seal to permit the trial court to review the document in camera.
On October 21, 2016, the trial court denied Hunte and EAH's motion for a protective order and ordered Hunte and EAH to respond to the discovery requests within 21 days. This petition followed.
II. Standard of Review
" 'Mandamus is an extraordinary remedy and will be granted only when there is "(1) a clear legal right in the petitioner to the order sought, (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991). In *1103 Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810 (Ala. 2003), this Court announced that it would no longer review discovery orders pursuant to extraordinary writs. However, we did identify four circumstances in which a discovery order may be reviewed by a petition for a writ of mandamus. Such circumstances arise (a) when a privilege is disregarded, see Ex parte Miltope Corp., 823 So.2d 640, 644-45 (Ala. 2001).... The burden rests on the petitioner to demonstrate that its petition presents such an exceptional case-that is, one in which an appeal is not an adequate remedy. See Ex parte Consolidated Publ'g Co., 601 So.2d 423, 426 (Ala. 1992).'
" Ex parte Dillard Dep't Stores, Inc., 879 So.2d 1134, 1136-37 (Ala. 2003)."
Ex parte Fairfield Nursing & Rehab. Ctr., L.L.C., 22 So.3d 445, 447 (Ala. 2009).
III. Analysis
Hunte and EAH argue that the document in question, a 2001 complaint submitted to the Board by a former patient, is not discoverable for three reasons. First, they contend that the document is privileged under § 34-24-60. Second, they contend that Johnson's discovery request was not reasonably limited as to time and that the 2001 document was far too old to be reasonably calculated to lead to admissible evidence. Finally, Hunte and EAH argue that discovery of the 2001 complaint is barred by § 6-5-551, Ala. Code 1975, which prohibits discovery of prior acts or omissions in a claim brought under the AMLA.
With regard to the claim of privilege, § 34-24-60 provides:
"(a) All reports of investigations; documents subpoenaed by the [Alabama Board of Medical Examiners], reports of any investigative committee appointed by the board; memoranda of the board's counsel relating to investigations; statements of persons interviewed by the board or any committee of the board; all information, interviews, reports, statements, or memoranda of any kind furnished to the board or any committee of the board; and any findings, conclusions, or recommendations resulting from proceedings of the board or any committee of the board, unless presented as evidence at a public hearing, shall be privileged and confidential, shall be used only in the exercise of the proper functions of the board, and shall not be public records nor be available for court subpoena or for discovery proceedings.
"Nothing contained herein shall apply to records made in the regular course of business of an individual; documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any civil proceedings merely because they were presented or considered during the proceedings of the Board of Medical Examiners or the Medical Licensure Commission."
(Emphasis added.)
It is evident from the materials before us that the 2001 complaint submitted to the Board by Hunte's former patient and provided to Hunte as a part of the proceedings before the Board is the type of document declared privileged and confidential under § 34-24-60. Generally, privileged matters are not subject to discovery. See Rule 26(b)(1), Ala. R. Civ. P. ("Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ...."). We further note that Johnson has not filed an answer to this petition and has not presented any facts or argument to this Court indicating that the 2001 complaint is not privileged or that it is otherwise subject to discovery. Thus, we conclude that Hunte and EAH have shown a clear right to an order protecting *1104 the 2001 complaint in Hunte and EAH's possession from discovery.[2] Given our conclusion that the document is privileged under § 34-24-60, we pretermit discussion on the other grounds raised by Hunte and EAH.
IV. Conclusion
We conclude that the 2001 complaint is not discoverable from Hunte and EAH. To the extent the trial court's order requires Hunte and EAH to produce the 2001 complaint, the trial court is directed to vacate that order.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Parker, Murdock, Shaw, Wise, Bryan, and Sellers, JJ., concur.

Hunte initially objected to the discovery on the ground that the information was not discoverable under § 6-5-551, Ala. Code 1975, a provision of the AMLA that prohibits a plaintiff from "conducting discovery with regard to any other act or omission."

We do not address whether the complaint would be discoverable from the patient who filed it, the original source.