Rel: September 27, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2024

_____

### SC-2024-0542

_____

**Ex parte Affinity Hospital, LLC, d/b/a Grandview Medical Center**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: Mary Louise Dinkins, as personal representative of the Estate of Mattie M. Patterson, deceased**

**v.**

**Affinity Hospital, LLC, d/b/a Grandview Medical Center et al.)**

**(Montgomery Circuit Court: CV-23-900984)**

SELLERS, Justice.

Affinity Hospital, LLC, d/b/a/ Grandview Medical Center ("Grandview"), petitions this Court for a writ of mandamus directing the Montgomery Circuit Court ("the trial court") to vacate its order compelling Grandview to respond to discovery requests that it claims seek information or documents that are statutorily privileged and requiring it to produce a privilege log in accordance with Rule 26(b)(6)(A), Ala. R. Civ. P. Grandview further requests that this Court direct the trial court to grant its motion for a protective order. We deny the petition.

## I. Facts

On July 20, 2023, Mary Louise Dinkins ("the plaintiff"), the personal representative of the estate of Mattie M. Patterson, deceased, commenced an action against, among others, Grandview, alleging wrongful death and medical malpractice relating to the care that Patterson received while she was a patient of Grandview. Along with the complaint, the plaintiff requested production of documents and answers to interrogatories. Grandview objected to certain of the discovery requests, contending that the information or documents requested were confidential and, thus, privileged from discovery under Ala. Code 1975, §

2

22-21-8, § 6-5-333, and § 34-24-58 ("the quality-assurance statutes").[1] In support of its position that the information or documents requested were statutorily privileged, Grandview offered the affidavit of its "quality manager," who stated generally that, "to the extent" the information sought "exists," it would have been obtained only "in association with the performance of [Grandview's] quality assurance functions and activities." The plaintiff ultimately moved the trial court to compel Grandview to respond to the discovery requests and to produce a privilege log in accordance with Rule 26(b)(6)(A), identifying with sufficient detail all

---

[1]Although Grandview cites three statutes, it appears to rely primarily, if not entirely, on § 22-21-8, Ala. Code 1975, referred to as Alabama's peer-review statute, which expressly applies to "quality assurance" materials. Section 22-21-8(b) provides, in relevant part, that

> "[a]ll accreditation, quality assurance credentialling and similar materials shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care professional … arising out of matters which are the subject of evaluation and review for accreditation, quality assurance and similar functions, purposes, or activities."

Section 6-5-333, Ala. Code 1975, declares, in relevant part, that various types of information furnished to or generated by a "committee," as defined in that section, are privileged and not available for discovery. Section 34-24-58, Ala. Code 1975, provides a privilege to committees of physicians or surgeons under certain circumstances.

information and documents being withheld under a claim of statutory privilege. Following a hearing, the trial court entered an order granting in part and denying in part the plaintiff's motion to compel. The trial court specifically ordered Grandview to respond to certain of the discovery requests and to produce a privilege log regarding any information or documents being withheld from production under a claim of privilege. Grandview filed a motion for a protective order, which the trial court denied. This mandamus petition followed.

## II. Standard of Review

" 'Mandamus is an extraordinary remedy and will be granted only when there is "(1) a clear legal right in the petitioner to the order sought, (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So. 2d 889, 891 (Ala. 1991). In Ex parte Ocwen Federal Bank, FSB, 872 So. 2d 810 (Ala. 2003), this Court announced that it would no longer review discovery orders pursuant to extraordinary writs. However, we did identify four circumstances in which a discovery order may be reviewed by a petition for a writ of mandamus. Such circumstances arise (a) when a privilege is disregarded, see Ex parte Miltope Corp., 823 So. 2d 640, 644-45 (Ala. 2001) .... The burden rests on the petitioner to demonstrate that its petition

4

> presents such an exceptional case -- that is, one in which an appeal is not an adequate remedy. See Ex parte Consolidated Publ'g Co., 601 So. 2d 423, 426 (Ala. 1992).'
>
> "Ex parte Dillard Dep't Stores, Inc., 879 So. 2d 1134, 1136-37 (Ala. 2003)."

Ex parte Fairfield Nursing & Rehab. Ctr., L.L.C., 22 So. 3d 445, 447 (Ala. 2009).

### III.  Discussion

### A.  Privilege-Log Argument

Grandview argues that the trial court exceeded its discretion in ordering it to produce a privilege log regarding any information or documents being withheld under a claim of statutory privilege because, it says, by enacting the quality-assurance statutes, the legislature has carved out an exception to the privilege-log requirement of Rule 26.  Rule 26(b)(1)  allows "[p]arties [to] obtain discovery regarding any matter, not privileged, which is … relevant to the subject matter involved in the pending action" and which is "reasonably calculated to lead to the discovery of admissible evidence." (Emphasis added.) The term "privileged" as used in Rule 26(b)(1) refers to privileges "'as that term is understood in the law of evidence.'" Ex parte Alfa Ins. Corp., 284 So. 3d

891, 903 (Ala. 2019) (quoting <u>United States v. Reynolds</u>, 345 U.S. 1, 6 (1953)). Rule 26(b)(6)(A), concerning privilege logs, provides, in relevant part:

> "When a party withholds information otherwise discoverable under these rules on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and, upon written request by any other party, shall be supported by a description of the nature of the documents, communications, or things not produced sufficient to enable the demanding party to contest the claim."

According to Grandview, the privilege-log requirement of Rule 26 was designed to apply only to evidentiary privileges that, it says, unlike statutory privileges, can be waived. Grandview characterizes quality-assurance materials as being absolutely barred by the quality-assurance statutes; thus, it asserts that the plaintiff is precluded from seeking discovery of any quality-assurance materials either directly or "surreptitiously" under the guise of requiring a privilege log. In fact, Grandview claims that the quality-assurance statutes preclude it from disclosing whether or not the materials sought even exist.

In light of the policy behind the quality-assurance statutes, it is clear that the legislature intended that quality-assurance materials be exempt from Rule 26(b)(1)'s broad scope of discovery. See <u>Ex parte</u>

<u>Anderson</u>, 789 So. 2d 190, 202 (Ala. 2000) (plurality opinion) ("[W]e remain mindful of the intent of the legislature when it enacted these [quality-assurance] statutes: to encourage meaningful peer review, with the goal of providing a better, more efficient, medical system for the people of this State."). However, Grandview's argument that the legislature, by enacting the quality-assurance statutes, completely carved out and totally exempted quality-assurance materials from Rule 26's field of operation is without merit. Grandview makes the blanket assertion that a statutory privilege applies without any judicial oversight, intervention, or review. But that is not the case. See, e.g., <u>United States v. Reynolds</u>, 345 U.S. at 9-10 ("Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers."). Moreover, such a view would eliminate trial courts from being the gatekeepers of admissible evidence and could permit, if not encourage, a health-care provider to require that all complaints, reports of incidents of complications, or other incident reports of any kind to be created for a quality-assurance committee and thus become quality-assurance materials subject to a claim of statutory privilege. In any event, the law in this State is clear that the determination regarding

7

whether specific materials are privileged is a factual question. See <u>Ex parte Estate of Elliott</u>, 272 So. 3d 1021 (Ala. 2018).

Privilege logs are routinely produced with regard to information or documents being withheld under a claim of statutory privilege. See, e.g., <u>Ex parte Huntsville Emergency Med. Servs., Inc.</u>, 372 So. 3d 538 (Ala. 2022) (noting that certain defendants had filed and served privilege logs identifying the information that they had withheld as privileged under § 6-5-551, Ala. Code 1975, which is a part of the Alabama Medical Liability Act), and <u>Ex parte Mobile Infirmary Ass'n</u>, 278 So. 3d 1195, 1200 (Ala. 2018) (indicating that the trial court had ordered the defendant to produce a privilege log for all documents withheld from production as privileged under § 22-21-8). In fact, in <u>Ex parte Estate of Elliott</u>, a case involving § 22-21-8, this Court held that a trial court had exceeded its discretion by denying a plaintiff's motion to compel <u>without</u> first requiring the production of a privilege log describing the documents being withheld. This Court explained that, without any description of the documents that were being withheld, the plaintiff "could not effectively formulate a response to the defendants' assertion of privilege." 272 So. 3d at 1030. We additionally stated that, "by not requiring the defendants to

provide a privilege log, the trial court denied [the plaintiff] of the opportunity to present an effective argument on appeal challenging the trial court's denial of its requests for production …." Id. Thus, contrary to Grandview's argument, the legislature has not diminished the judiciary's role in the discovery process when a party asserts that information is subject to a statutory privilege. Rather, when a health-care provider such as Grandview, asserts a statutory privilege, it must establish its applicability in the same manner as a party asserting any other privilege. The quality-assurance statutes and Rule 26 operate concurrently, establishing the confidentiality of quality-assurance materials while also requiring adherence to the procedural requirements of Rule 26. Accordingly, the trial court did not exceed its discretion in ordering Grandview to produce a privilege log in accordance with Rule 26(b)(6)(A) with regard to any information or documents being withheld under a claim of statutory privilege; for the same reasons, Grandview is not entitled to a protective order regarding any such information or documents.

## B. Alternative Argument

9

Grandview argues that, even if information or documents subject to a statutory privilege fall within Rule 26's field of operation, it is still not required to produce a privilege log because, it says, the affidavit it presented sufficiently demonstrates that the materials the plaintiff seeks are privileged quality-assurance materials under § 22-21-8 and that disclosing any information regarding those materials would be prejudicial to Grandview. Grandview, the party asserting privilege, "has the burden of proving the existence of the privilege and the prejudicial effect of disclosing the information." Ex parte Fairfield Nursing & Rehab. Ctr., 22 So. 3d at 448. This is generally accomplished through affidavit testimony. In this case, Grandview offered the affidavit of Austin Bartolic, its quality manager, who stated, in relevant part:

"5. I have reviewed and am familiar with the Plaintiff's Interrogatories and Request for Production propounded to Grandview in this matter, and am familiar with the types of documents, records and information that could potentially be responsive thereto. Plaintiff's discovery requests include Interrogatories and Requests for Production that, directly or indirectly, seek documents and information that, to the extent it exists, would only derive from quality assurance processes, activities, undertakings and functions, that Grandview is statutorily prohibited from disclosing. The absolute confidentiality of such quality assurance documents and information is necessary and required to promote candid and open participation, discussion and evaluation in [Grandview's] quality assurance processes, and to facilitate

effective quality assurance functions necessary to achieve a high-quality of care for all [Grandview] patients.

"....

"7. Specifically, Interrogatories Nos. 17, 21 and 22, and Requests for Production Nos. 4, 5, 6, 7, 8, 15, 18, 22, 23, 24, 26, 29 and 32 seek documents or information that, to the extent it exists, would have only been obtained, created, derived, utilized and/or maintained exclusively in association with the performance of [Grandview's] quality assurance functions and activities. Accordingly, any information potentially responsive to these requests would exclusively consist of confidential documents and information derived from Grandview's quality assurance processes, functions and activities undertaken to assess the quality of care of all [Grandview] patients.

"....

"9. … Moreover, quality assurance materials, information and documents are not obtained, prepared or maintained in the ordinary course of [Grandview's] business, and no such material, information or document was made a part of [Patterson's] hospital chart. Instead, information sought by Plaintiff that pertains to the subjects of quality assurance would be maintained in confidential quality assurance files and records, separate and apart from any patient's hospital chart and [Grandview's] ordinary business records, and would have exclusively been created, obtained, and/or utilized for quality assurance purposes, in order to evaluate, assess and improve the quality of care for all [Grandview] patients."

(Emphasis added.)

The trial court determined that the affidavit was insufficient to prevent the necessity of providing a privilege log. We agree. Grandview cannot merely lump together all the information and documents the discovery requests seek and then state that, to the extent that such information or documents exist, they "would only derive from quality assurances processes." Rather, the burden was on Grandview to provide sufficient information to aid the trial court in determining whether the information and documents sought are in fact privileged. In this case, the affidavit does not even state the information or documents being requested. For example, in Ex parte Fairfield Nursing & Rehabilitation Center, Fairfield sought mandamus relief from an order compelling production of any and all incident reports and complaints involving a specific patient. In support of its assertion of privilege under § 22-21-8, Fairfield offered the affidavits of its facility's executive director and former director of nursing, both of whom testified:

> "'Incident reports and witness statements concerning residents are not kept in the ordinary course of business, nor do they become a part of the resident medical chart. ... Incident reports and witness statements are created for quality assurance purposes. The creation of the reports and the gathering of statements are needed to guarantee the high quality of care for all residents. ... The confidentiality of the incident reports and witness statements is needed to keep

investigations of incidents at the facility candid and open. Production of incident reports and witness statements to those outside the facility would be detrimental to the quality of care provided for all residents.'"

22 So. 3d at 448. Fairfield provided a methodical response in asserting the privilege. First, it identified the confidential materials sought to be discovered, i.e., incident reports and witness statements; second, it followed up with reasons as to why those materials were privileged; and, third, it provided a rationale explaining why disclosing the materials would be detrimental. In Ex parte Qureshi, 768 So. 2d 374 (Ala. 2000), a plaintiff in a medical-malpractice action sought, among other things, documents considered by a hospital in hiring a physician. In support of its assertion of privilege under § 22-21-8, the hospital provided the affidavit from the chairman of its credentialing committee ("the affiant"), who testified that

> "the documents that would be responsive to Request 3(h)-(k) were maintained as part of [the hospital's] credentialing file on [the physician]. [The affiant] further stated that it was essential that the materials gathered by the hospital be kept confidential, so as to ensure that physicians applying for hospital staff privileges would provide complete and accurate information about their qualifications. Moreover, [the affiant] stated, if the information did not remain confidential then 'physicians and health care institutions from whom materials are requested in the credentialing process would be less

13

inclined to provide frank and open criticisms of physician applicants where warranted.'"

768 So. 2d at 376. Again, the affiant employed a methodical and logical approach by identifying the documents as those responsive to "Request 3(h)-(k)" and by indicating that they were maintained as part of the hospital's credentialing file. See also Ex parte Tombigbee Healthcare Auth., 260 So. 3d 1, 7-8 (Ala. 2017) (affiant for a hospital identified the materials it claimed were privileged, specifically, materials regarding the hiring, training, supervision and retention of one of its employees as well as any complaints the hospital received pertaining to the employee). Because the affidavit offered by Grandview was overbroad and failed to expressly identify the specific information and documents that it claimed were privileged, along with any relevant facts demonstrating that the specific information or documents are quality-assurance materials, Grandview could not satisfy its burden of demonstrating that the specific information and documents withheld from discovery were statutorily privileged.

## IV. Conclusion

14

Based on the foregoing, Grandview has failed to demonstrate a clear legal right to the relief sought; thus, its petition for a writ of mandamus is denied.

PETITION DENIED.

Parker, C.J., and Shaw, Wise, Bryan, Mendheim, Stewart, Mitchell, and Cook, JJ., concur.